508 So.2d 1 (1987)
Billy Ray NIBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 67072.
Supreme Court of Florida.
May 7, 1987.
Rehearing Denied July 10, 1987.
James Marion Moorman, Public Defender, Tenth Judicial Circuit, and Douglas S. Connor, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Theda J. James, Asst. Atty. Gen., Tampa, for appellee.
*2 BARKETT, Justice.
Billy Ray Nibert appeals his conviction for first-degree murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm Nibert's murder conviction, but, for the reasons expressed below, we vacate his death sentence and remand for resentencing.
The testimony at trial revealed that the fifty-seven-year-old victim, Eugene Snavely, was a frequently intoxicated alcoholic who lived across the street from his brother, James. James testified that on the day of the homicide the victim was at his house until approximately 5 p.m. when the victim returned to his own home. Through his window, James observed an individual approach the victim and enter the victim's home with him. Forty-five minutes later, the victim appeared at James' door, holding a knife and bleeding profusely. He had been stabbed seventeen times.
Jack Andruskiewiecz, an acquaintance of Nibert, testified that Nibert came to his hotel room on the evening of the murder. Nibert was in a state of shock, covered with blood, and kept babbling "oh God, oh God." According to Andruskiewiecz, Nibert initially explained his condition by saying he had been involved in a bar fight. Later, he said it was a street fight. Still later, after watching the late night news story on the stabbing, Nibert admitted that he had killed the victim. Andruskiewiecz further testified that a few days before the murder Nibert had told him he was going to rob the victim.[1]
The physical evidence at the victim's home consisted of large amounts of blood on the kitchen floor, shoe prints that could have been made by Nibert, and a six-pack of 16 ounce beer cans with indications that the beer had been consumed by the victim and his attacker. Blood samples taken from Andruskiewiecz's hotel room were consistent with the victim's blood type.
The jury found Nibert guilty of first-degree murder. During the penalty phase, the state was permitted to argue the application of the aggravating circumstances that the murder was especially heinous, atrocious and cruel,[2] and was committed in a cold, calculated and premeditated manner.[3] The defense was permitted to argue four of the statutory mitigating circumstances. In addition, the defense put into evidence that Nibert had a problem with alcohol, that his father was an alcoholic, and that when he was not drinking he was a considerate, trustworthy, hardworking person. The jury recommended the death penalty by a seven-to-five vote. The judge then directed the state attorney to prepare an order reflecting that the court found no mitigating circumstances and two aggravating factors.
Nibert raises a number of issues on appeal. He contends that his conviction should be reversed because: 1) his due process rights to a fair trial were violated when the trial court failed to instruct the jury on the inapplicability of the felony murder theory; 2) the trial court erred in failing to give the jury written instructions; 3) he was unconstitutionally tried by a death-qualified jury; 4) the trial court erred in permitting the state's tendered expert to testify as an expert in shoe print analysis; 5) the evidence was insufficient to establish premeditation; and 6) one of the prospective jurors should have been excused for cause.
Nibert's contention that he was denied due process because the trial court failed to instruct the jury on the inapplicability of the felony murder rule is without merit. Although during voir dire the prosecutor explained the felony murder theory to the prospective jurors, the jury was ultimately instructed on only premeditated murder. Thus, there was no need for a curative instruction. Moreover, defense counsel made clear to the jury in closing argument that felony murder was not an issue in the case. We therefore find no error in the trial court's failure to give a *3 curative instruction regarding the inapplicability of the felony murder rule.
We also find no merit in Nibert's contention that his conviction should be reversed because of the trial court's failure to give the jury written instructions. Nibert concedes that defense counsel did not request written instructions nor object to the trial court's failure to provide them. Despite Nibert's protestations to the contrary, the trial court's failure to provide the jury with written instructions cannot be deemed fundamental error. Thus, because this issue was not properly preserved below, it was waived and may not be raised on appeal. See McCaskill v. State, 344 So.2d 1276 (Fla. 1977).
Nibert's argument that he was unconstitutionally tried by a death qualified jury has been previously rejected. See Lockhart v. McCree, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986); Kennedy v. Wainwright, 483 So.2d 424 (Fla.), cert. denied, ___ U.S. ___, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986).
We also disagree with Nibert's contention that the trial judge erred in permitting the state's tendered expert to testify as an expert witness. The trial court correctly admitted the testimony noting that the defendant's objections related to the weight which should be accorded the testimony and not its admissibility.
Nibert's argument that juror Stalvey should have been excused for cause on the basis of her responses is likewise without merit. Moreover, although defense counsel did use a peremptory challenge to excuse Stalvey, he did not exhaust all of his peremptory challenges. Thus, even if the trial judge erred in refusing to excuse Stalvey for cause, the error was harmless. See Hill v. State, 477 So.2d 553, 556 (Fla. 1985).
Finally, we find sufficient competent evidence to support a finding that the murder was premeditated. In Sireci v. State, 399 So.2d 964, 967 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982), we stated that:
Premeditation is a fully-formed conscious purpose to kill, which exists in the mind of the perpetrator for a sufficient length of time to permit of reflection, and in pursuance of which an act of killing ensues. Premeditation does not have to be contemplated for any particular period of time before the act, and may occur a moment before the act. (Citations omitted.)
We have further explained that circumstances indicative of a premeditated intent to kill include the manner in which the murder was committed and the type of wounds inflicted. See Welty v. State, 402 So.2d 1159, 1163 (Fla. 1981). See also Mines v. State, 390 So.2d 332, 335 (Fla. 1980), cert. denied, 451 U.S. 916, 101 S.Ct. 1994, 68 L.Ed.2d 308 (1981). The testimony of Andruskiewiecz that Nibert told him he had "made [the victim] get on his knees" during the stabbing in addition to the excessive number and nature of the wounds inflicted provides sufficient evidence to support a verdict that his death was the result of premeditated design.
As to his sentence, Nibert contends that the death penalty was improperly imposed because: 1) the trial court unlawfully delegated its duty to prepare an adequate statement of the findings to support imposition of the death penalty; 2) the judge instructed the jurors on the law prior to the taking of evidence and argument of counsel; 3) the trial court erred in failing to properly consider evidence pertaining to mitigating factors; 4) the trial court erred in finding the statutory aggravating circumstances of cold, calculated, and premeditated, and heinous, atrocious, and cruel; and 5) imposition of the death sentence imposed under these facts would violate the eighth amendment of the United States Constitution.
We reject Nibert's argument that the death penalty was unlawfully imposed because the judge did not actually prepare the order of findings in support of the death sentence. The record reflects that the trial judge made the findings and conducted the weighing process necessary to satisfy the requirements of section 921.141, *4 Florida Statutes (1985). We further note that defense counsel did not object when the court instructed the state attorney to reduce his findings to writing. Although we strongly urge trial courts to prepare the written statements of the findings in support of the death penalty, the failure to do so does not constitute reversible error so long as the record reflects that the trial judge made the requisite findings at the sentencing hearing.
We also reject Nibert's contention that the trial court's instructions to the jury prior to the taking of testimony and argument of counsel require resentencing. Defense counsel did not object to the trial judge's procedure. Thus, Nibert is precluded from raising this issue on appeal.
We find no merit in Nibert's argument that the trial court erred in failing to properly consider evidence pertaining to mitigating factors. It is within a trial judge's discretion to determine whether sufficient evidence exists of a particular mitigating circumstance and, if so, the weight to be given it. E.g. White v. State, 446 So.2d 1031 (Fla. 1984).
Nibert's contention that this murder does not support a finding of the aggravating circumstance of heinous, atrocious, and cruel is also without merit. The victim was stabbed seventeen times. There was testimony that some of his wounds were defensive wounds and that the victim remained conscious throughout the stabbing. These facts support a finding of heinous, atrocious, and cruel. See, e.g., Lusk v. State, 446 So.2d 1038 (Fla. 1984).
We are persuaded, however, by Nibert's argument that the trial court erred in finding that the murder was committed in a cold, calculated, and premeditated manner. We have consistently held that application of this aggravating factor requires a finding of heightened premeditation; i.e., a cold-blooded intent to kill that is more contemplative, more methodical, more controlled than that necessary to sustain a conviction for first-degree murder. In Preston v. State, 444 So.2d 939 (Fla. 1984), for example, the victim, who had witnessed the defendant's robbery of a convenience store, was marched 500 feet at knife point, nearly decapitated by a fatal slash across her throat, and stabbed numerous times. Nevertheless, we overturned the trial court's finding that the homicide had been committed in a cold and calculated manner, stating that:
The level of premeditation needed to convict in the guilt phase of a first-degree murder trial does not necessarily rise to the level of premeditation required in section 921.141(5)(i). This aggravating circumstance has been found when the facts show a particularly lengthy, methodic, or involved series of atrocious events or a substantial period of reflection and thought by the perpetrator. See, e.g., Jent v. State [408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982)] (eyewitness related a particularly lengthy series of events which included beating, transporting, raping, and setting victim on fire); Middleton v. State, 426 So.2d 548 (Fla. 1982) (defendant confessed he sat with a shotgun in his hands for an hour, looking at the victim as she slept and thinking about killing her) [cert. denied, 463 U.S. 1230, 103 S.Ct. 3573, 77 L.Ed.2d 1413 (1983)]; Bolender v. State, 422 So.2d 833 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983) (defendant held the victims at gunpoint for hours and ordered them to strip and then beat and tortured them before they died).
We do not feel that ... the record adequately supports the existence of the heightened form of premeditation required by this aggravating circumstance.
Id. at 946-47 (emphasis added; footnote omitted).
The trial court's conclusion that the homicide in this case was committed in a cold and calculated manner is not supported by the record. There was evidence that the victim and his attacker had been drinking together before the stabbing and that the victim was still alive when his attacker left. The testimony that Nibert had allegedly planned to rob the victim two days prior to the murder cannot support *5 this aggravating circumstance in that there was no evidence that the victim was in fact robbed before being stabbed. Although the evidence does support premeditated murder, it cannot support the heightened premeditation necessary under our law for the statutory aggravating circumstance of section 921.141(5)(i).
We are left with one valid aggravating circumstance (HAC) and no mitigating circumstances. Although death may be the proper sentence in this situation, it is not necessarily so. See, e.g., Caruthers v. State, 465 So.2d 496 (Fla. 1985); Rembert v. State, 445 So.2d 337 (Fla. 1984).
Accordingly, we affirm Nibert's conviction but vacate his death sentence and remand to the trial court for resentencing.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J. (Ret.), concurs in the conviction, but dissents from the sentence.
NOTES
[1] It is undisputed that there was no evidence to indicate that Nibert did, in fact, rob the victim on the night of the murder.
[2] Section 921.141(5)(h), Florida Statutes (1985).
[3] Section 921.141(5)(i), Florida Statutes (1985).