541 So.2d 1165 (1989)
Phillip Alexander ATKINS, Petitioner,
v.
Richard L. DUGGER, Etc., Respondents.
Phillip Alexander ATKINS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73,869, 73,910.
Supreme Court of Florida.
April 13, 1989.
Larry Helm Spalding, Capital Collateral Representative and K. Leslie Delk, Martin J. McClain and Bret Strand, Staff Attys., Office of the Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondents/appellee.
PER CURIAM.
Phillip Alexander Atkins, a prisoner under sentence of death and active death warrant, petitions this Court for a writ of habeas corpus and to review the trial court's denial of Atkins' rule 3.850 motion to vacate or modify the judgment and sentence. Atkins also moves for a stay of execution. We have jurisdiction, article V, section 3(b)(1), (9), Florida Constitution, and deny all relief.
Atkins was convicted in February of 1982 of first-degree murder and sentenced to death. On direct appeal, this Court upheld the conviction, but vacated the sentence because it was based in part on an aggravating factor for which no evidence *1166 appeared in the record. Atkins v. State, 452 So.2d 529 (Fla. 1984). Atkins was again sentenced to death, and this Court affirmed that sentence on direct appeal. Atkins v. State, 497 So.2d 1200 (Fla. 1986). This is Atkins' first motion for postconviction relief and his first petition for habeas corpus. The trial court summarily denied, without an evidentiary hearing, Atkins' motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
First, we address the appeal from the denial of the 3.850 motion. We affirm the trial court's order and deny all relief sought. With the exception of the issues relating to ineffective assistance of counsel, all issues raised by Atkins are procedurally barred because they were either raised, or should have been raised, during one of Atkins' two direct appeals.[1] With respect to the claims of ineffective assistance of trial counsel, we affirm the trial court's ruling, summarily denying the motion.
Atkins alleges that trial counsel failed to investigate, develop, and present expert evidence that Atkins' state of voluntary intoxication negated any specific intent to commit murder. It is well established that for relief to be granted pursuant to a claim of ineffective assistance of counsel, a defendant must show that counsel's conduct included a specific omission or overt act which was a substantial and serious deficiency, measurably below that of competent counsel. Then, it must be shown that counsel's performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, 394 So.2d 997 (Fla. 1981). We do not reach the prejudice prong of our Strickland analysis because we find that counsel was not deficient under constitutional standards. The record shows that trial counsel presented substantial evidence of Atkins' intoxication and competently argued this point to the jury during closing argument. One tactic available to counsel is to present expert testimony. However, it is by no means the only tactic, nor is it required. Therefore, we hold that Atkins' trial counsel was not constitutionally ineffective with regard to this issue.
Turning to the petition for writ of habeas corpus, we also deny all relief sought. Atkins raises several points which he contends are examples of ineffective assistance of appellate counsel. We find that seven of these points were not properly preserved for appeal by trial counsel, thus precluding appellate review. Accordingly, they are procedurally barred.[2] Two other *1167 issues raised by Atkins in the petition are also procedurally barred because they should have been raised or were raised on direct appeal.[3]
Atkins also contends that appellate counsel was ineffective for not making the argument that the trial court refused to find statutory and nonstatutory mitigating circumstances despite clear support in the record for these circumstances. It was not incumbent on trial counsel to object to the trial court's finding concerning mitigating circumstances. Therefore, appellate counsel was not procedurally barred from raising this point. However, the point had so little merit that appellate counsel cannot be faulted for not raising it on appeal.
Finally, Atkins also argues that appellate counsel was ineffective for failing to argue that the state's attempt to try him on sexual battery when it had no evidence of corpus delicti denied him a fair trial on the murder charge. Trial counsel had effectively preserved this point in a motion for mistrial after it became apparent that the state was going to be unable to prove sexual battery. Therefore, appellate counsel could have argued this point, but once again he cannot be deemed ineffective for failing to do so. Most successful appellate counsel agree that from a tactical standpoint it is more advantageous to raise only the strongest points on appeal and that the assertion of every conceivable argument often has the effect of diluting the impact of the stronger points.
Accordingly, we affirm the order of the trial court denying Atkins' rule 3.850 motion, and deny the petition for habeas corpus as well as all relief sought, including Atkins' request for a stay of execution. No petition for rehearing will be entertained.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
BARKETT, J., specially concurs with an opinion, in which KOGAN, J., concurs.
GRIMES, J., specially concurs with an opinion.
BARKETT, Justice, specially concurring.
I concur with the majority because I do not find that Atkins has met the prejudice prong of the Strickland test.
KOGAN, J., concurs.
GRIMES, Justice, specially concurring.
While I agree that Atkins is not entitled to relief, there is one other point raised by Atkins in this proceeding which deserves discussion. Following his arrest, Atkins gave a confession in which he stated that he had oral and anal sex with the victim before killing him. Because the state was unable to prove the corpus delicti of these offenses, the court granted Atkins' motion for acquittal of the two sexual battery charges. However, pursuant to this Court's earlier decision in Jefferson v. State, 128 So.2d 132 (Fla. 1961), the judge instructed the jury that sexual battery could be an underlying felony for felony murder. Atkins complains that counsel *1168 was ineffective for failing to complain of this instruction on appeal.
Trial counsel made no objection to this instruction. He did seek to exclude from evidence the reference to the sexual batteries in Atkins' taped confessions because there had been no proof of corpus delicti. However, the confession concerning what Atkins did with the boy before he killed him would have been admissible as explaining the circumstances of the murder even if there had been no charges of sexual battery. See Amoros v. State, 531 So.2d 1256 (Fla. 1988). Thus, it would appear that the point was not preserved for appeal, and there has been no contention that trial counsel was ineffective in this regard.
In any event and regardless of whether this is viewed as an assertion of ineffective counsel at either the trial or the appellate level, there would be no basis for granting Atkins relief. In the first place, counsel can hardly be deemed ineffective for not pursuing an argument that had been rejected by this Court in Jefferson. Furthermore, even if he could have persuaded this Court to overrule Jefferson, the fact remains that there was also the underlying felony of kidnapping which supported a felony murder conviction. Of even more significance is the fact that there was overwhelming evidence of premeditated murder. Atkins even took the stand and admitted striking the boy with a steel bar when the boy indicated that he was going to tell his parents what Atkins had done to him. See Teffeteller v. State, 439 So.2d 840 (Fla. 1983) (where there is substantial, competent evidence to uphold conviction under a theory of premeditated murder, error in the instructions on the underlying felony for felony murder becomes harmless), cert. denied, 465 U.S. 1074 (1984); Knight v. State, 394 So.2d 997 (Fla. 1981) (rejecting contention that appellate counsel was ineffective for not attacking deficiency in felony murder instruction where there was overwhelming evidence of premeditated murder).
In the final analysis, even if it could be said that this point is not barred by procedural default, the claim falls far short of meeting the two-prong test for granting relief because of ineffective counsel set forth in Strickland v. Washington, 466 U.S. 668 (1984).
NOTES
[1] The issues which are procedurally barred include claims that:

(1) the conviction was based on an impermissible consideration of sexual battery as an underlying felony for a felony murder theory;
(2) there was no knowing waiver of Miranda rights;
(3) the trial court improperly shifted to the defendant the burden of proving that life was the appropriate penalty;
(4) the trial court failed to convene a new sentencing jury upon resentencing;
(5) the aggravating circumstance of "heinous, atrocious, or cruel" is unconstitutional as applied in this case, Maynard v. Cartwright, ___ U.S. ___, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988);
(6) Atkins' sentencing jury was misled by the trial court's instructions diluting the jury's responsibility in sentencing recommendations, Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). See Dugger v. Adams, ___ U.S. ___, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989);
(7) the jury instruction that a sentence recommendation of life must be made by a majority vote misled the jury;
(8) the prosecution improperly asserted that sympathy toward Atkins may not be considered by the jury;
(9) Atkins' death sentence rests on unconstitutional automatic aggravating circumstances;
(10) the corpus delecti of kidnapping was not proved by substantial evidence;
(11) Nonstatutory aggravating factors were introduced into the sentencing proceeding;
(12) the sentencing court refused to find mitigating circumstances clearly supported by the record;
(13) the prosecutor made improper statements during closing argument of both the guilt and penalty phases of the trial;
(14) the state's attempt to try Atkins on two counts of sexual battery despite a total lack of evidence deprived Atkins of a fair trial on the murder charge.
[2] These points of ineffective assistance of appellate counsel allege that:

(1) the trial court's instruction on sexual battery as an underlying felony for a felony murder theory (despite Atkins' judgment of acquittal on those counts) rendered the guilty verdict invalid;
(2) the trial court failed to convene a new jury at the resentencing proceeding;
(3) the instruction that a jury recommendation of life must be by a majority vote misled the jury;
(4) the trial court shifted the burden to Atkins to prove that life was the appropriate penalty;
(5) nonstatutory aggravating factors were introduced into the sentencing proceeding;
(6) the corpus delecti of kidnapping was not proven by substantial evidence;
(7) the prosecution told the jury that it could not consider sympathy for Atkins.
[3] Atkins alleges that:

(1) the aggravating circumstance of "heinous, atrocious, or cruel" is unconstitutional as applied to Atkins;
(2) Atkins' death sentence rests on an unconstitutional automatic aggravating circumstance.