622 So.2d 980 (1993)
Terry Melvin SIMS, Petitioner,
v.
Harry SINGLETARY, etc., Respondent.
No. 81330.
Supreme Court of Florida.
June 24, 1993.
Rehearing Denied September 3, 1993.
Steven H. Malone, Public Defender and Gwendolyn Spivey, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
Terry Melvin Sims, an inmate under sentence of death, petitions this Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. The facts and procedural history of this case are stated in the prior reported cases arising from Sims' conviction. Sims v. State, 602 So.2d 1253 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1010, 122 L.Ed.2d 158 (1993); *981 Sims v. State, 444 So.2d 922 (1983), cert. denied, 467 U.S. 1246, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984).
In this petition, Sims raises the following issues: (1) that he was denied a complete appellate review of his conviction and sentence in his direct appeal; (2) that the penalty phase jury was permitted to weigh invalid or impermissibly vague aggravating factors; (3) that this Court improperly applied an "automatic" affirmance of his sentence; (4) that the trial court erred in repeatedly chastising defense counsel in the jury's presence; (5) that Sims was denied his right to be present during portions of his trial; (6) that the trial court erred in not instructing the jury to return a special verdict indicating whether it was convicting Sims of felony murder or premeditated murder; (7) that Sims was denied his right to a reliable and nonarbitrary sentencing determination; and (8) that Sims' appellate counsel was prejudicially ineffective.
Only two issues merit discussion, because the others are procedurally barred. As to issue (2), Sims now argues that his death sentence should be revisited in light of the recent opinions in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), Stringer v. Black, ___ U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992), and their progeny. To the extent this argument alleges a defective instruction on heinous, atrocious, or cruel, Sims' claim is procedurally barred for failure to raise an objection at trial. Kennedy v. Singletary, 602 So.2d 1285 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992). Moreover, we find nothing otherwise in the cases cited by Sims that would require us to revisit our prior determinations regarding Sims' penalty phase. Moreover, in light of the weak case for mitigation, any conceivable error here clearly is harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
As to issue (8), we cannot accept Sims' argument that his appellate counsel was prejudicially ineffective in this instance. Sims' appellate counsel moved this Court for an order reconstructing the substance of the pretrial motion hearings and jury charge conferences below. That motion was denied. Whatever else may be said about the validity of that ruling, appellate counsel cannot be said to have been ineffective simply for failing to take extraordinary measures in an effort either to circumvent the Court's ruling or to persuade the Court to reverse itself. We find no other valid basis for a claim of ineffectiveness here. Moreover, we perceive no prejudice that Sims possibly could have suffered even if appellate counsel's actions might be deemed deficient. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
For the foregoing reasons, the requested relief is denied.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs specially with an opinion, in which BARKETT, C.J., concurs.
KOGAN, Justice, specially concurring.
I adhere to my earlier view that Sims was denied a fair trial for the reasons stated in my separate opinion in Sims v. State, 602 So.2d 1253, 1258-59 (Fla. 1992) (Kogan, J., dissenting). However, the majority opinion in that earlier case now is res judicata, and I cannot find a level of prejudice in the cognizable matters now raised by Sims to justify a finding of prejudicial ineffectiveness of appellate counsel. I otherwise concur with the majority.
BARKETT, C.J., concurs.