728 So.2d 736 (1999)
Frank VALDES, Appellant,
v.
STATE of Florida, Appellee.
No. 91,267.
Supreme Court of Florida.
March 4, 1999.
*737 Frank Valdes, pro se, Starke, Florida.
Robert A. Butterworth, Attorney General, and Celia A. Terenzio, Assistant Attorney General, West Palm Beach, Florida, for Appellee.
PER CURIAM.
Frank Valdes appeals the trial court's summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction, see article V, section 3(b)(1), Florida Constitution, and affirm the order on appeal.
Valdes was found guilty and sentenced to death for the 1987 murder of a corrections officer. See Valdes v. State, 626 So.2d 1316, 1318 (Fla.1993). The murder occurred during an aborted attempt by Valdes and his accomplice to assist a friend in escaping police custody. The Court unanimously affirmed the conviction and sentence on appeal. See id. at 1324.
Valdes was originally represented by counsel during his trial and in his postconviction proceedings. Although represented by collateral counsel, Valdes nonetheless filed a pro se motion for postconviction relief and an addendum to that motion. The Office of Capital Collateral Regional Counsel (CCR) later filed an additional motion for postconviction relief, which Valdes' subsequent conflict counsel also adopted.
On March 17, 1997, after repeated requests by Valdes, the trial court granted his motion to represent himself in his postconviction proceedings. Before making its decision, *738 the trial court conducted a Faretta[1] inquiry and had Valdes examined for competency. Based on the outcome of both, the trial court determined that Valdes was competent to proceed pro se.
At Valdes' request, the trial court "set[] aside, vacat[ed] and dismiss[ed]" any and all documents that had been filed by CCR and Valdes' prior conflict counsel, and proceeded solely on Valdes' pro se motion for postconviction relief. Valdes made clear that he only intended to proceed on his petition, which stated one claim, as follows:
The Defendant's rights to a functioning and efficient judicial system or, access to the courts, to the separation of government branches, to his inherent political power, and to due process have been denied to him by and through the Florida Supreme Court's effectuation of an unauthorized amendment to the Judiciary article of Florida's Constitutiondelegating away its prosecutorial arm (i.e., State Attorneys) to the Executive branchresulting in the Defendant's wrongful prosecution, convictions, and sentences, which rights arise directly and/or are guaranteed against invasion by Article I, §§ 1, 9 and 21, Article II, § 3, and Article V, § 17 of the Florida Constitution; and, Amendment Five, Amendment Nine and Amendment Fourteen of the United States Constitution.
In its response, the State addressed this claim as well as claims raised in Valdes' addendum to his 3.850. The addendum to the pro se motion included the following additional claims, incorporated from a federal habeas petition that had been dismissed without prejudice: (1) that the practice of charging on general indictments alleging premeditated first-degree murder and prosecuting under alternate theories of first-degree or premeditated murder is unconstitutional; (2) that the standard jury instruction on first-degree murder, charging the jury on the alternate theories of premeditated and felony murder, is unconstitutional; and (3) that the standard jury instruction on first-degree premeditated murder is unconstitutional because it does not require a finding of "heightened premeditation," which is a "per se aggravator." The trial court held a Huff[2] hearing on Valdes' claims and summarily denied the original petition, as well as his addendum, finding them both procedurally barred and substantively meritless.
Valdes appealed to this Court. Although given an opportunity to file a brief, Valdes chose not to, pursuant to Florida Rule of Appellate Procedure 9.140(i), which provides that an initial brief need not be filed in the appeal from a summary denial of a 3.850 motion. After examining the merits of Valdes' motion for postconviction relief, we find that an evidentiary hearing was not required, and that the trial court properly denied Valdes' claims.
In his original petition, Valdes argued that his conviction and sentence must be reversed because the decisions of this Court have wrongfully classified prosecutors as quasi-judicial officers with the power to bring charges against a defendant that were not made by police. The crux of Valdes' claim appears to be that the state attorney violates constitutional principles by performing the executive function of charging crimes. In support of his claim, Valdes argues that the location of the section creating the office of state attorney in the Judiciary Article, article V, establishes that state attorneys were intended to a part of the judicial branch of government, and thus cannot perform the executive function of charging crimes.
As an initial matter, this argument is procedurally barred. See generally Sims v. Singletary, 622 So.2d 980, 981 (Fla.1993). Valdes provides no reason why this legal argument could not have been made on direct appeal. However, we nonetheless elect to address the merits of this claim, which is fatally flawed in an important respect. Article V, section 17, specifically provides that state attorneys are the prosecuting officers of all trials in each circuit. This Court has long held that as the prosecuting officer, the state attorney has "complete discretion" in the decision to charge and prosecute, Cleveland *739 v. State, 417 So.2d 653, 654 (Fla.1982), and the judiciary cannot interfere with this "discretionary executive function." State v. Bloom, 497 So.2d 2, 3 (Fla.1986).
As this Court explained in The Office of the State Attorney v. Parrotino, 628 So.2d 1097, 1099 (Fla.1993), state attorneys fulfill a unique role, which is both quasi-judicial and quasi-executive. This unique role is due to the tradition of their exclusive discretion in prosecution, combined with their status as officers of the court. The office of state attorney thus "shares some attributes of the executive" by virtue of its power as the prosecuting authority to determine whom and how to prosecute, as well as some attributes of the judicial branch, such as judicial immunity. Id. at 1099 n. 2. Nothing about the placement of the constitutional provision in article V providing for the creation of the state attorneys undermines these long-held principles.
We next address the claims contained in the addendum to the original petition regarding the process of indicting a defendant for first-degree murder and then proceeding to trial on theories of premeditated and felony murder. This claim is not only procedurally barred, see Sims, 622 So.2d at 981, but has also been "repeatedly rejected" in other decisions by this Court. See Gudinas v. State, 693 So.2d 953, 964 (Fla.), cert. denied, ___ U.S. ___, 118 S.Ct. 345, 139 L.Ed.2d 267 (1997), and cases cited therein. Valdes' second claim in the addendum regarding the propriety of the jury instructions on first-degree murder, which provide for conviction under alternate theories of premeditated or felony murder, is a variation of the previous claim and is procedurally barred and meritless for the same reasons. See Atkins v. Dugger, 541 So.2d 1165, 1166 (Fla. 1989) (challenge to jury instruction procedurally barred in postconviction proceedings because it should have been raised on direct appeal).
Finally, Valdes argues that the jury instructions on first-degree premeditated murder are unconstitutional because they do not require the jury to find that the defendant possessed the "heightened" premeditation necessary for a finding of the cold, calculated, and premeditated aggravator (CCP). This claim is also procedurally barred, see Atkins, 541 So.2d at 1166, and without merit. See Nibert v. State, 508 So.2d 1, 4 (Fla.1987). "Heightened" premeditation is not required to sustain a first-degree premeditated murder conviction. A finding of "heightened" premeditation is only required to support the CCP aggravator. See Nibert, 508 So.2d at 4; see also Zakrzewski v. State, 717 So.2d 488, 492 (Fla.1998), cert. denied, ___ U.S. ___, 119 S.Ct. 911, 142 L.Ed.2d 909, 67 U.S.L.W. 3469 (Jan. 25, 1999).
Based on the foregoing, the trial court's summary denial of Valdes' petition is affirmed. By this opinion, we also deny Valdes'"Motion for Finding Conclusive Presumption of Error."
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[2] Huff v. State, 622 So.2d 982 (Fla.1993).