STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 11-1589

PHILIP FONTENOT

VERSUS

LOUISIANA WORKERS' COMPENSATION CORP., ET AL.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - Number 4
PARISH OF LAFAYETTE, NO. 09-09417
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.

David Keith Johnson
Johnson, Stiltner & Rahman
P.O. Box 98001
Baton Rouge, LA 70898-8001
(225) 231-0875
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Workers' Compensation Corporation
    Moreno Energy, Inc.

Christopher Richard Philipp
P. O. Box 2369
Lafayette, LA 70502-2369
(337) 235-9478
COUNSEL FOR PLAINTIFF/APPELLANT:
    Philip Fontenot

**EZELL, Judge.**

Phillip Fontenot appeals the decision of the workers' compensation judge below finding that an injury to his neck was not caused by a work-related accident. For the following reasons, we hereby affirm the decision of the workers' compensation judge.

On July 8, 2009, Mr. Fontenot was in the course and scope of his employment when he was a passenger in a vehicle which collided with a bear. The next day, he saw his doctor for treatment for neck pain. He was diagnosed with a left cervical and upper trapezius strain. He returned on July 15, presented as completely pain free, and was released to work. He returned to work on July 20 and worked until a separate accident resulted in a separate injury on an offshore platform in August of 2009. In October, after three months without complaint of cervical discomfort, he presented to Dr. George Williams again complaining of neck pain. Dr. Williams recommended surgery to repair disc herniations at C3-C6. Mr. Fontenot filed the current workers' compensation claim to have his employer, Moreno Energy, and its insurer, Louisiana Workers' Compensation Corporation, pay for the surgery and related medical expenses.

After trial on the matter, the workers' compensation judge ruled that there was no causal connection between the accident and Mr. Fontenot's injury. From that decision, Mr. Fontenot appeals.

On appeal, Mr. Fontenot asserts four assignments of error. He claims that the workers' compensation judge erred in finding he was not entitled to the surgery recommended; that the workers' compensation judge erred in ruling he was not entitled to reimbursement for prescriptions he paid for related to the injury; that the workers' compensation judge erred in failing to order reimbursement for other out-

of- pocket medical expenses related to the injury; and that the workers' compensation judge erred in in failing to award penalties and attorney fees for failure to pay his claims. We disagree.

The standard for reviewing a workers' compensation judge's decision was discussed by this court in *Butterfield v. Turner Industries,* 06-1098, pp. 3-4 (La.App. 3 Cir. 2/7/07), 951 So.2d 476, 479, *writ denied,* 07-507 (La. 4/27/07), 955 So.2d 692:

> In *Dean v. Southmark Const.,* 03–1051, p. 7 (La.7/6/04), 879 So.2d 112, 117, the supreme court stated:
>
> > In workers' compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.,* 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite,* 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander,* 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.,* 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. . . .
>
> This court, in *Monceaux v. R & R Const., Inc.,* 05-533, p. 6 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, 799-800, *writs denied,* 06-585 (La.5/5/06), 927 So.2d 325, 06-636 (La.5/5/06), 927 So.2d 317, noted the following:
>
> > . . . .
> >
> > In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West,* 371 So.2d at 1147; *Holiday v. Borden Chemical,* 508 So.2d

1381, 1383 (La.1987). **The trial court's determinations as to whether the workers' testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.** *Gonzales v. Babco Farm, Inc.,* 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied,* 536 So.2d 1200 (La.1988) (collecting cases).

In this matter, the workers' compensation judge found no causal relationship between the work-related accident and Mr. Fontenot's neck injury. The record contains ample evidence to support this finding. Both Dr. Paul Fenn, who examined Mr. Fontenot for his second opinion, and Dr. John Budden, who performed the independent medical examination, had serious reservations about any link between the accident and the injury at issue here. Both noted that Mr. Fontenot was seen one week after the accident and reported himself as being "totally asymptomatic" and "able to move without any pain." Mr. Fontenot was fully released to return to work at that time. His medical records reflect that he did not seek any additional treatment for his neck for three months. He proceeded to work, lifting forty to sixty pound buckets of debris over his head, roughly a thousand times - according to his own testimony - without any pain. He continued to work until he was injured in a separate accident which required surgery to alleviate back pain. Both doctors felt that it was highly unlikely Mr. Fontenot could go from complete resolution of his symptoms on July 15, 2009, to needing surgery without some intervening activity. The fact that Mr. Fontenot was able to perform heavy lifting over his head bolstered Dr. Budden's belief that there was no injury caused by the accident which could have been aggravated with time. In light of these facts, we cannot say that the workers' compensation judge erred in finding that there was no causal connection between the accident and Mr. Fontenot's injury.

Because we find there is no error concerning causation of this injury, we need not address Mr. Fontenot's additional assignments of error, which all rely on the same issue of causation.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed. Costs of this appeal are assessed against Mr. Fontenot.

**AFFIRMED.**