# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-562
Lower Tribunal No. 16-9652
_____

**Frank Evans,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Ineffective Assistance of Appellate Counsel.

Frank Evans, in proper person.

Ashley Moody, Attorney General, for respondent.

Before EMAS, C.J., and SCALES and MILLER, JJ.

PER CURIAM.

Frank Evans filed a petition for writ of habeas corpus, alleging his appointed appellate counsel rendered ineffective assistance by failing to raise certain claims on the direct appeal from Evans' conviction and sentence for aggravated battery. Included in Evans' petition are claims that appellate counsel (1) failed to raise several instances of trial counsel's ineffective assistance; and (2) failed to raise an unpreserved error (the trial court's failure to provide the jury with a written version of the final instructions delivered orally to the jury).

We deny the petition, as each of Evans' asserted claims is without merit.[1] See Gomez v. State, 44 Fla. L. Weekly D529 (Fla. 3d DCA Feb. 20, 2019) (holding a claim of ineffective assistance of trial counsel is generally not cognizable on direct appeal); Smith v. State, 194 So. 3d 483, 488 n. 2 (Fla. 3d DCA 2016) (same). See also Spencer v. State, 842 So. 2d 52, 73 (Fla. 2003) (holding appellate counsel cannot be deemed ineffective for failing to raise an error not preserved for appeal, unless the unpreserved error is fundamental); Nibert v. State, 508 So. 2d 1, 3 (Fla. 1987) (holding that failure to provide jury with written jury instructions was not fundamental error and was waived on direct appeal where not properly preserved).

Petition denied.

_____

[1] We deny Evans' other claims without further discussion.

2