**Phillip Alexander ATKINS,**
**Petitioner–Appellant,**

v.

**Harry K. SINGLETARY, Respondent–**
**Appellee.**

No. 90–3737.

United States Court of Appeals,
Eleventh Circuit.

June 25, 1992.

---

Martin J. McClain, Chief Asst. Capital Collateral Representative, Office of the Capital Collateral Representative, Tallahassee, Fla., K. Leslie Delk, Norman, Okl., for petitioner-appellant.

Robert J. Landry, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before TJOFLAT, Chief Judge, FAY and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

Phillip Alexander Atkins, who was convicted for kidnapping and first-degree murder and sentenced to death, appeals the district court's denial of Atkins' petition for the writ of habeas corpus. We affirm.

## I. BACKGROUND

Atkins confessed to the 1981 kidnapping, sexual battery and murder of six-year-old Antonio Castillo. The trial judge directed a verdict of acquittal on the sexual-battery charges because, despite Atkins' confession, prosecutors were unable to produce independent evidence to prove that sexual

battery occurred. The jury then convicted Atkins of kidnapping and murder and, by a seven-to-five vote, recommended that Atkins be sentenced to death. The state trial judge agreed with the jury and sentenced Atkins to death.

Atkins appealed his conviction and sentence to the Florida Supreme Court, which affirmed his conviction but which remanded his case for resentencing. The supreme court held that, because the trial court had acquitted Atkins of sexual-battery charges, the trial court erred in considering "the occurrence of a sexual battery as an aggravating circumstance in the capital felony sentencing process." *Atkins v. State*, 452 So.2d 529, 533 (Fla.1984) [*Atkins I*]. On remand, the trial judge examined the remaining aggravating and mitigating circumstances and resentenced Atkins to death.

Atkins appealed this resentencing, arguing that the trial judge failed to reweigh death-penalty factors. Atkins alleged that the trial court merely omitted reference to sexual battery and reissued its earlier death sentence. On review, the Florida Supreme Court rejected Atkins' arguments and affirmed the death sentence. *Atkins v. State*, 497 So.2d 1200 (Fla.1986) [*Atkins II*].

Atkins then moved the trial court to vacate or modify the judgment and sentence under Fla.R.Crim.P. 3.850. The trial court summarily denied Atkins' 3.850 motion; and Atkins appealed the denial to the Florida Supreme Court, at the same time petitioning that court for habeas relief.

The Florida Supreme Court affirmed the 3.850 denial and denied Atkins' habeas petition. *Atkins v. Dugger*, 541 So.2d 1165 (Fla.1989) [*Atkins III*]. On the 3.850 appeal, the court said that, "[w]ith the exception of the issues relating to ineffective assistance of counsel, all [other fourteen] issues raised by Atkins [were] procedurally barred because they were either raised, or should have been raised, during one of Atkins' two direct appeals." *Id.* at 1166. On Atkins' habeas petition, the court stated:

> Atkins raises several points which he contends are examples of ineffective assistance of counsel. We find that seven of these points were not properly preserved for appeal by trial counsel, thus precluding appellate review. Accordingly, they are procedurally barred. Two other issues raised by Atkins in the petition are also procedurally barred because they should have been raised or were raised on appeal.

*Id.* at 1166–67 and nn. 2 & 3. The court then rejected Atkins' two remaining arguments: that appellate counsel was ineffective for failing to argue that the trial court refused to find statutory and nonstatutory mitigating circumstances and for failing to argue that Atkins was denied a fair trial by the state's attempt to try him for sexual battery without corroborating evidence. *Id.* at 1167.

Atkins then sought federal habeas relief, raising eighteen issues and multiple subissues. The district court rejected each of Atkins' arguments and denied habeas relief. This appeal followed.[1]

**1.** Atkins appeals only a portion of the multiple issues and subissues he raised in the district court. Atkins, therefore, is deemed to have abandoned the claims not addressed on appeal. *See Doyle v. Dugger*, 922 F.2d 646, 649–50 n. 1 (11th Cir.1991). We deem the following claims abandoned: ineffective assistance of trial counsel for failing to argue that the state had not proved the corpus delicti of kidnapping, *see Atkins v. Dugger*, No. 89–528–CIV–T–13, slip op. at 11–12 (M.D.Fla. May 3, 1990); ineffective assistance of trial counsel for failing to argue an alleged violation of *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), *see Atkins v. Dugger*, slip op. at 15; ineffective assistance of appellate counsel for failing to argue that a new jury should have been con-

vened for Atkins' sentencing on remand, *id.* slip op. at 20–21; ineffective assistance of appellate counsel for failing to argue that the trial court impermissibly shifted the sentencing burden of proof to Atkins, *id.* slip op. at 21; due process and equal protection violations caused by insufficient time for Atkins to file his Fla.R.Crim.P. 3.850 motion, *Atkins v. Dugger*, slip op. at 21; Eighth Amendment violation caused at trial by the prosecutor's argument and the judge's instruction that Atkins alleges shifted to him the burden of showing the inappropriateness of the death sentence, *id.* slip op. at 23; insufficient evidence to prove kidnapping, *id.* slip op. at 35; inadequate jury instructions on whether a majority vote was needed to recommend the death

## II. DISCUSSION

Our discussion of Atkins' claims will be divided into four sections. First, we will discuss those claims that have been procedurally defaulted. Second, we will discuss Atkins' claim that the district court violated *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), by deciding a so-called mixed petition. Third, we will discuss Atkins' claim that he was entitled to an evidentiary hearing in the district court. And fourth, we will discuss Atkins' remaining claims that have been neither procedurally defaulted nor deemed abandoned on appeal.

### A. Procedural Default

Federal habeas review reduces the finality of litigation and frustrates states' "sovereign power to punish offenders" and states' "good-faith attempts to honor constitutional rights." *Murray v. Carrier*, 477 U.S. 478, 487, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). So, when a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on the claim, our authority to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir.1991) (en banc). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Id.* (citations omitted).

We conclude that Atkins has procedurally defaulted on six claims: (1) alleged fail-

ure to convene a new jury at Atkins' resentencing; (2) alleged violation of *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931); (3) alleged ineffective assistance of appellate counsel for failing to argue that the state never proved the corpus delicti for Atkins' kidnapping conviction; (4) alleged prosecutorial misconduct for bringing sexual-battery charges; (5) alleged prosecutorial misconduct for arguing to the jury during the guilt phase that Atkins' confessed but unproved sexual battery could be used to support a felony-murder conviction; and (6) alleged improper jury instructions. We now examine whether Atkins' claims fit within the *Wainwright v. Sykes* exception to procedural defaults.

We can review Atkins' procedurally defaulted claims if Atkins can show cause for and prejudice from the procedural default. *See, e.g., Johnson*, 938 F.2d at 1174 (citing *Murray v. Carrier*, 477 U.S. at 485, 106 S.Ct. at 2644; *Wainwright v. Sykes*, 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977)).[2] But Atkins has failed to allege valid cause.

First, Atkins has failed to advance any cause for his procedural default on two claims: the trial court's alleged failure to convene a sentencing jury and alleged improper jury instructions. Atkins, therefore, has failed to overcome his procedural default on these issues under *Wainwright v. Sykes*.

For the remaining four claims, Atkins has relied on alleged ineffective assistance of trial counsel, appellate counsel or

---

sentence, *id.* slip op. at 35–36; unconstitutional sentencing because aggravating circumstance—kidnapping—was also used to convict Atkins of felony murder, *id.* slip op. at 36–37; Eighth and Fourteenth Amendment violations caused by consideration of nonstatutory aggravating circumstances, *id.* slip op. at 39–41; misleading jury instructions during sentencing that violated *Caldwell v. Mississippi*, *id.* slip op. at 41–43; misleading prosecutorial argument and jury instruction during sentencing that led jury to believe they could have no sympathy for Atkins, *id.* slip op. at 43–44; and ineffective assistance of counsel for failing to argue the alleged misleading jury instructions on sympathy, *id.*

**2.** Under extraordinary circumstances, a federal court can review a defaulted claim if the alleged constitutional violation has resulted in the conviction of an innocent defendant. *Johnson v. Singletary*, 938 F.2d 1166, 1174 (11th Cir.1991) (en banc) (citations omitted). And a federal court can review a defaulted claim if the state procedural bar has been inconsistently or irregularly applied. *See, e.g., Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988). Neither of these exceptions apply to Atkins' case.

both as causes for his procedural default. After looking at the trial and direct-appeal records, we conclude that Atkins failed to establish valid cause under *Wainwright v. Sykes*. Trial counsel advanced Atkins' case in a reasonably effective manner; and appellate counsel rendered effective assistance because he either properly argued Atkins' claims on appeal or he was prohibited from raising on appeal issues that had not been preserved for appeal at the trial level. *See infra* § II.D.1 (discussing ineffectiveness standard under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

We also stress that, even if Atkins had presented sufficient cause under *Wainwright v. Sykes*, he would still have failed to overcome his procedural defaults. We have examined each of these procedurally defaulted claims, and we conclude that Atkins was not prejudiced by the alleged violations. Because Atkins failed to show either cause or prejudice, he is procedurally barred from raising these claims now.

### B. Alleged Rose v. Lundy Violation

■ Atkins argues that the district court should have dismissed Atkins' habeas petition because it was a so-called mixed petition subject to mandatory dismissal under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We disagree.

Atkins says the district court found the following three claims were unexhausted: ineffective assistance of trial counsel for failing to investigate the scene of the crime; ineffective assistance of appellate counsel for failing to argue that Atkins' mental impairment precluded a voluntary *Miranda* waiver; and ineffective assistance of appellate counsel for failing to contest the evidentiary admission of Atkins' confession to sexual battery. To the extent Atkins argues that the district court found Atkins failed to raise these issues during his state 3.850 proceedings, we agree. But we disagree with Atkins' argument that the district court needed to dismiss Atkins' habeas petition because these ineffective-assistance claims had not been raised in the state courts.

For purposes of this discussion, we assume that Atkins might be able to raise these issues at another Rule 3.850 proceeding.[3] The more crucial question, though, is whether, under *Lundy*, the district court should have dismissed Atkins' petition. We conclude no dismissal was required.

Within five years after *Rose v. Lundy*, the Supreme Court in *Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671, 1674, 95 L.Ed.2d 119 (1987), recognized that "there are some cases in which it is appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion." The Supreme Court instructed us that, "if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served ... if ... the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court." *Id.* at 135, 107 S.Ct. at 1675. Because the three claims that Atkins failed to raise in the state courts present no colorable federal claim, we conclude that no dismissal was required. We will address the merits of these three claims in Section II.D. *See infra* §§ II.D.1.a (scene of crime); II.D.1.d (sexual-battery confession); II.D.2 (*Miranda*).

### C. Evidentiary Hearing

■ Atkins argues that, under *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), the district court

**3.** Although we assume no exhaustion, we believe strongly that the district court correctly concluded that these three issues would effectively be procedurally barred by Atkins' failure to raise them at his first Rule 3.850 proceeding. Under Rule 3.850, "[a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief ... or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of ... procedure." Fla.R.Crim.P. 3.850. Had Atkins tried to raise these issues in a second Rule 3.850 proceeding, he would likely have faced dismissal.

was required to hold an evidentiary hearing to give Atkins an opportunity to prove his claims.[4] We do not think so.

"A petitioner is entitled to an evidentiary hearing if he alleges facts which, if true, would warrant habeas relief." *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991), *cert. denied* — U.S. —, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992). And we must accept as true the factual assertions made by a habeas petitioner when determining whether an evidentiary hearing is required. *See, e.g., Smelcher v. Attorney General of Alabama,* 947 F.2d 1472, 1478 (11th Cir.1991); *Agan v. Dugger,* 835 F.2d 1337, 1338 (11th Cir.1987). But after reviewing Atkins' allegations and accepting as true his factual allegations, we conclude that he would be due no relief and, therefore, that Atkins is entitled to no evidentiary hearing.[5]

### D. Remaining Claims

#### 1. Ineffective Assistance of Counsel

With the exception of two claims, *see infra* §§ II.D.2 (*Miranda* claim); II.D.3 (mitigating-circumstances claim), all of Atkins' remaining claims involve allegations of ineffective assistance of trial and appellate counsel. Before addressing individual allegations, we will revisit *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to outline the general standards for judging ineffectiveness claims.

■ "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064. When presenting ineffectiveness claims, petitioners bear the burden of showing, first, that counsels' performance was constitutionally deficient and, second, that this deficient performance prejudiced their defense. *Id.*

■ When reviewing whether counsel's performance was deficient, courts must, in a highly deferential manner, examine "whether counsel's assistance was reasonable *considering all the circumstances.*" *Id.* at 688, 104 S.Ct. at 2065 (emphasis added). This standard is no high standard. We must not determine what the ideal attorney might have done in a perfect world or even what the average attorney might have done on an average day; instead, our case-by-case inquiry focuses on whether a particular counsel's conduct was reasonably effective in context.

■ Most important, we must avoid second-guessing counsel's performance. *Id.* As is often said, "Nothing is so easy as to be wise after the event." We also should always presume strongly that counsel's performance was reasonable and adequate; and a petitioner alleging ineffectiveness bears the burden of overcoming this strong presumption. *Id.*

■ Even in the light of this permissive review of counsel's performance under *Strickland,* on rare occasions conduct may be found unreasonable. But unreasonable conduct will not warrant relief if the petitioner fails to prove affirmatively that the unreasonable conduct prejudiced his case. *Id.* at 693, 104 S.Ct. at 2067. To establish prejudice, a petitioner proves nothing if he alleges only that the unreasonable conduct

---

**4.** Atkins has failed to state precisely which issues require an evidentiary hearing or why those issues warrant an evidentiary hearing. Based on Atkins' footnotes, *see* Brief for Petitioner at 10 n. 4; Reply Brief for Petitioner at 14 n. 9, and the string citations to the record contained therein, Atkins seems to complain about the following issues: ineffective assistance of counsel for failing to investigate the scene of the crime, for failing to use an expert to negate specific intent, for failing to use an expert to prove the involuntariness of Atkins' confession, and for failing to use expert and lay testimony to show nonstatutory mitigating circumstances;

no *Miranda* waiver; and procedural-default questions related to cause and prejudice.

**5.** Even the Supreme Court in *Blackledge v. Allison,* 431 U.S. 63, 76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977), recognized that allegations that were palpably incredible, patently frivolous or false would warrant no evidentiary hearing. Because we think that Atkins' claims and allegations are, at best, meritless and, at worst, frivolous, the district court committed no error by summarily disposing of Atkins' petition.

might have had "some conceivable effect on the outcome of the proceeding." *Id.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

Because questions of ineffectiveness are mixed questions of law and fact, we exercise plenary review. *Id.* at 698, 104 S.Ct. at 2070. And when applying *Strickland,* we are free to dispose of ineffectiveness claims on either of its two grounds. *Id.* at 697, 104 S.Ct. at 2069. Guided by these standards, we now examine Atkins' claims.

### a. Ineffectiveness of Trial Counsel for Failing to Investigate the Scene of the Crime

■ Atkins argues that trial counsel rendered ineffective assistance by failing to investigate whether some intervening cause (a third-party motorist) might have killed Castillo. We disagree.

The record shows us that Atkins' trial counsel was faced with the following circumstances: Atkins admitted to beating Castillo about the head; not even a hint of evidence existed to support the theory that Castillo had been struck by a car; and the witness who found Castillo barely alive promptly reported it to police. Also, at trial, the state's pathologist, under exacting cross-examination by defense counsel, testified that Castillo's numerous injuries were "totally inconsistent" with Atkins' theory that Castillo had been hit by a car; and the police officer who investigated the site where Castillo was found testified that no car accident occurred. Under these circumstances, we cannot say that Atkins' trial lawyer rendered ineffective assistance by failing to investigate the spot where Castillo's body was found. This intervening-cause argument was inherently weak and was unlikely to be strengthened by a greater investment of lawyer time. Nothing presented by Atkins shakes our confidence in the outcome of this case. At some point, a trial lawyer has done enough. Although we have studied Atkins' arguments

to the contrary, we think that point was reached here.

### b. Ineffectiveness of Trial Counsel for Failing to Present Voluntariness of Confession to Jury

■ Although Atkins argues in his initial brief to us that trial counsel failed to raise the question of involuntariness to the jury, he concedes in his reply brief that trial counsel did raise the argument to the jury; and we note that the trial judge instructed the jury on involuntariness and confessions. Atkins then attempts to argue that trial counsel was ineffective for presenting no expert testimony on involuntariness. But Atkins' arguments fail because he has not shown that this testimony would likely have changed the outcome of the case.

Although the mental condition of a defendant—on which Atkins' expert might have testified—can be a significant factor when discussing involuntariness, the mental condition alone never disposes of the inquiry into constitutional involuntariness. *Colorado v. Connelly,* 479 U.S. 157, 164, 107 S.Ct. 515, 520, 93 L.Ed.2d 473 (1986). Unless police or other state actors exerted coercive tactics, Atkins' confession was voluntary. *See, e.g., id.* 107 S.Ct. at 520–22. Because Atkins' confession was constitutionally voluntary—that is, because the record shows no improper or coercive state tactics—Atkins has failed to show that the omission of expert testimony prejudiced his case and has failed the second *Strickland* test.

### c. Ineffectiveness of Trial Counsel for Failing to Present Expert Testimony to Negate Specific Intent

■ Atkins relies on his trial attorney's affidavit to argue that counsel ineffectively failed to present expert testimony about the effect alcohol and drugs would have had on Atkins: namely, that Atkins could not have formed intent to commit a crime. This affidavit, however, states only that trial counsel's failure to use an expert was neither a tactical nor strategic decision. And while the affidavit says that trial coun-

sel believes he should have presented such testimony for its "probable positive defensive effect," we see no constitutional ineffectiveness.

First, the affidavit alone establishes nothing. It admits no ineffective performance; and even if it did admit ineffectiveness, we would give the affidavit no substantial weight "because ineffectiveness is a question which we must decide, [so] admissions of deficient performance by attorneys are not decisive." *Harris v. Dugger*, 874 F.2d 756, 761 n. 4 (11th Cir.1989).

Second, Atkins has failed to show that this omission prejudiced his defense. Trial counsel presented evidence to the jury throughout the trial trying to show Atkins' mental condition and the amount of drugs and alcohol Atkins allegedly consumed on the day Castillo was killed. As the district court noted, if the jury believed Atkins' level of consumption, they would have needed no expert to explain what effect it would have on Atkins. Also, the jury was presented with many witnesses testifying that Atkins was in complete control of his faculties during and after Castillo was killed. We conclude that, in the light of the evidence presented at trial, Atkins has failed to show a reasonable probability that the outcome of the case would have been different if an expert had testified.

d. *Ineffectiveness of Trial Counsel for Failing to Combat Use of Sexual– Misconduct Evidence*

▮ Atkins argues that trial counsel was ineffective for allowing prosecutors to put into evidence Atkins' confession to sexual battery.[6] To the extent that Atkins refers to the confession to sexual battery with Antonio Castillo, counsel's conduct was reasonably effective because counsel, in fact, attempted to keep the confession out of evidence and because this evidence was admissible as part of the res gestae of the charged crime. *See, e.g., Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir.

1984); *Reese v. Wainwright*, 600 F.2d 1085, 1090 (5th Cir.1979); *see also Atkins III*, 541 So.2d at 1168 (Grimes, J., specially concurring).

▮ To the extent that Atkins refers to his confessed sexual relations with forty-five young men and boys, we also find no ineffectiveness. Defense counsel agreed to admitting this statement into evidence, stating that one of his tactics was to bring into play Atkins' sexual proclivities. *See, e.g.*, Record at 1040. Because the use of this tactic in the guilt and penalty phases of the trial was (while not ultimately successful) a reasonable one from a constitutional point of view, we conclude that trial counsel was not ineffective for failing to object to the admission of that part of the confession showing Atkins' sexual proclivities.

e. *Ineffectiveness of Trial Counsel for Failing to Investigate and Present Mitigating Evidence*

Atkins argues that trial counsel was ineffective for failing to present mitigating evidence. We find this argument meritless because, after reviewing the entire penalty phase of Atkins' trial, virtually all of the mitigating evidence that Atkins argues should have been presented was presented. And while Atkins now offers some new testimonial evidence that *might* have been presented, "[t]he mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel." *Foster v. Dugger*, 823 F.2d 402, 406 (11th Cir.1987). Trial counsel did enough. A lawyer can almost always do something more in every case. But the Constitution requires a good deal less than maximum performance. Trial counsel's presentation of mitigating circumstances—both what was put in and what was left out—in no way undermined the proper functioning of

---

6. We reject without discussion Atkins' claim that "the jury did not know that the trial court had determined that there was insufficient evidence as a matter of law to convict of sexual battery." *See, e.g.*, Brief for Petitioner at 28 n. 13. The record proves this allegation false. *See, e.g.*, Record at 933.

the adversarial process and, therefore, was constitutionally effective.

### f. Ineffectiveness of Appellate Counsel for Failing to Appeal the Admission into Evidence of Atkins' Confession to Sexual Battery

Atkins argues that appellate counsel should have appealed the trial judge's admission into evidence of Atkins' confession to oral and anal sex with Castillo. We find this argument meritless. As we have already noted, however, even if state prosecutors had not pursued sexual-battery charges the confession would have been admissible into evidence as part of the res gestae of the crime. *See supra* § II.D.1.d. Appellate counsel's decision to forgo appeal of this issue was, under these circumstances, professionally reasonable. Atkins has failed to meet the first *Strickland* test.

### g. Ineffectiveness of Appellate Counsel for Failing to Argue that Atkins' Murder Conviction was Unsupported by Sufficient Evidence

Without stating why the evidence was insufficient, Atkins argues that appellate counsel was ineffective for not arguing that the evidence presented by prosecutors was insufficient to support a murder conviction. Because this is the first time Atkins raises this issue, we cannot review it. *See, e.g., Campbell v. Wainwright*, 738 F.2d 1573 (11th Cir.1984).[7]

### 2. Miranda Claim

Atkins contends that he could not have knowingly waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree. But before discussing this issue, we need to address a point apparently misunderstood by Atkins and the State of Florida. Both Atkins, *see* Brief for Petitioner at 69, and the state, *see* Brief for Respondent at

72, assert that the district court found this issue procedurally barred. In fact, the district court found Atkins had failed to raise in his Rule 3.850 motion the issue whether Atkins' appellate counsel was ineffective for failing to raise this claim on direct appeal. *See supra* § II.B. This ineffectiveness claim differs from the issue whether Atkins knowingly waived his *Miranda* rights. But both claims are without merit.

Atkins' appellate counsel raised this issue on direct appeal. *See* Reply Brief on Direct Appeal for Appellant Atkins at 13–15 (arguing that Atkins' mental illness and use of drugs and alcohol prevented knowing, intelligent waiver). So, to the extent that Atkins argues before this court that appellate counsel was ineffective, *see* Brief for Petitioner at 68–69, we reject his argument. We also reject Atkins' argument that trial counsel was ineffective, *see id.* ("Counsel failed his client when he failed to develop and present evidence that would have established that Mr. Atkins' waiver was not knowing."). After reviewing the record, we conclude that trial counsel's efforts to persuade both judge and jury were reasonably effective.

Even if we were to assume unreasonable conduct, we would reject Atkins' attempt to inject an ineffectiveness claim here because we conclude that Atkins' *Miranda* claim has no merit; as such, no prejudice would have resulted from the alleged unreasonable conduct. In *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), the Supreme Court equated the voluntariness inquiry in the *Miranda* waiver context with the voluntariness inquiry in the confession context under the Fourteenth Amendment. *Id.* at 169, 107 S.Ct. at 523. The Court recognized that "[t]he sole concern of the Fifth Amendment, on which *Miranda* was based, is governmental coercion," *id.* at 170, 107 S.Ct. at 523, and

---

**7.** If we could review this insufficiency claim, Atkins' argument would fail because the record convinces us that a reasonable jury could have found beyond a reasonable doubt that Atkins was guilty of murdering Castillo. And as we have stated in the past, because Atkins chose to testify on his own behalf, he ran the risk that the jury might conclude the opposite of his testimony is true. *See, e.g., United States v. Sharif*, 893 F.2d 1212, 1214 (11th Cir.1990) (citations omitted). So, because no possible prejudice resulted from not appealing this point, Atkins' ineffectiveness argument would, if reviewable, be meritless.

rejected the notion that, absent state coercion, the voluntariness of a *Miranda* waiver depends on a defendant's mental condition. *Id.*

■ Here, Atkins argues strenuously that his mental impairment and his alcohol and drug consumption prevented a voluntary and knowing waiver of his *Miranda* rights. But *Miranda* is about coercion. And, in terms of coercion, Atkins alleges only that "[t]he final interrogation occurred in the early morning hours. Even a person of ordinary intelligence and emotional maturity would have a difficult time understanding all that was happening to him under such stressful conditions." Brief for Petitioner at 67–68. This late-night questioning fails to qualify as coercion or overreaching by the police. Because Atkins has failed to allege, and our review of the record has failed to discover, any instance of state coercion, we conclude that Atkins voluntarily waived his *Miranda* rights.

We also conclude that the *Miranda* waiver was knowingly made. To be an effective *Miranda* waiver, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986). After reviewing the waiver under the totality of the circumstances, we agree with the district court that Atkins knowingly waived his *Miranda* rights.

*3. Statutory and Nonstatutory Mitigating Circumstances*

■ Atkins' argument that the trial judge erred by rejecting offered mitigating circumstances is without merit. We have written before that, once we see that a full hearing has been held in which the defense counsel is given a fair opportunity to present mitigating evidence, our review becomes highly deferential. *See, e.g., Palmes v. Wainwright,* 725 F.2d 1511, 1523 (11th Cir.1984). Trial court's findings on mitigating factors are presumed to be correct, *see, e.g., Magwood v. Smith,* 791 F.2d 1438, 1450 (11th Cir.1986), and will be upheld if they are supported by the record. *See, e.g.,* 28 U.S.C. § 2254(d). Here, the record supports the trial judge's findings on mitigating circumstances.

Although Atkins argues that the trial judge did not *consider* nonstatutory factors, it is more correct to say that the trial judge did not *accept*—that is, give much weight to—Atkins' nonstatutory factors. Acceptance of nonstatutory mitigating factors is not constitutionally required; the Constitution only requires that the sentencer *consider* the factors. *Blystone v. Pennsylvania,* 494 U.S. 299, 308, 110 S.Ct. 1078, 1084, 108 L.Ed.2d 255 (1990). Our review of the record and of the trial judge's order convinces us that the trial judge fully considered all the supposedly mitigating factors offered by Atkins but, in the light of the other evidence presented by the state, refused to accept most of those factors.

### III. CONCLUSION

Because our review of the record and the related law leads us to conclude that Atkins' arguments are without merit, we AFFIRM the district court's denial of Atkins' petition for the writ of habeas corpus.