28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alberto LOPEZ, Jr., Petitioner-Appellant,
v.
Eloy MONDRAGON, Respondent-Appellee,
and
Charleen KNIPFING, Respondent.
 No. 93-2148.
 United States Court of Appeals, Tenth Circuit.
 June 20, 1994.
 
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 ORDER AND JUDGMENT[1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Petitioner appeals the district court's dismissal of his second habeas petition, 28 U.S.C. 2254, challenging his New Mexico conviction for aggravated assault on a peace officer, see N.M. Stat. Ann. 30-22-22, as an abuse of the writ. See Rule9(b), Rules Governing 2254 Proceedings. In this second habeas petition, petitioner asserted three grounds for relief that he had not previously argued in his first petition: 1)trial counsel was ineffective in light of his failure to conduct an adequate pretrial investigation, his failure to examine witnesses sufficiently, and his failure to object to an improper jury instruction; 2)there was an unconstitutional variance between the crime charged in the criminal information and the crime described in the jury instructions; and 3)petitioner was convicted without proof of the essential element of the use of a deadly weapon, in violation of due process. Because the district court dismissed the petition without reviewing the state court record and without conducting an evidentiary hearing, we accept petitioner's allegations as true for purposes of review. See Coleman v. Saffle, 912 F.2d 1217, 1230 n. 18 (10th Cir.), cert. denied, 497 U.S. 1053 (1990); see also Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir.1992).
 Aggravated assault on a peace officer is defined by New Mexico law, in pertinent part, as "unlawfully assaulting or striking at a peace officer with a deadly weapon while he is in the lawful discharge of his duties." N.M. Stat. Ann. 30-22-22A(1). Petitioner's conviction under this statute stems from his confrontation with a sheriff's deputy while petitioner, a bail bondsman, was attempting to rearrest his principal. According to petitioner, his conviction resulted solely from the testimony of the victim, Deputy Henderson, that petitioner pointed a shotgun at the deputy and threatened to shoot him. Petitioner further asserts that, after the completion of his first federal habeas proceeding, Deputy Henderson testified, during a deposition taken in a related civil action, that petitioner did not point a weapon at the deputy or otherwise display a weapon during their confrontation. Further, petitioner alleges that another deponent in that same civil proceeding corroborated Deputy Henderson's later version of the events. Petitioner contends that his failure to raise these claims in his first federal habeas petition should be excused because these claims are based upon Deputy Henderson's deposition recanting his trial testimony, which was unavailable to petitioner at the time of the first federal habeas proceeding.
 "[C]laims raised for the first time in a second or subsequent habeas petition will be dismissed as abusive unless the petitioner can show cause for the failure to raise the claim in an earlier habeas petition, and prejudice therefrom." Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). Alternatively, petitioner may "have his ... failure to raise a claim in a previous habeas petition ... excused if he can show that the failure to hear his claim will result in a fundamental miscarriage of justice." Id. (citing McCleskey v. Zant, 499 U.S. 467, 494-95 (1991)). This fundamental miscarriage of justice exception requires petitioner to make a colorable showing of his actual innocence. Sawyer v. Whitley, 112 S.Ct. 2514, 2518-19 and 2519 n. 5 (1992).
 
 
 1
 Petitioner, acting pro se at the time he filed this second 2254 petition, alleged his actual innocence of the aggravated assault on Deputy Henderson. Although the district court ordered that the record before it be supplemented with the state court record, that record was not before the district court at the time that it dismissed this habeas petition. Because the district court should have considered petitioner's claim of actual innocence in light of the state court record as a whole, see Herrera v. Collins, 113 S.Ct. 853, 869, 870 (1993)(considering newly discovered evidence in support of claim of actual innocence "in light of the proof of petitioner's guilt at trial"), we REVERSE the district court's dismissal of petitioner's 2254 petition and REMAND this cause to the district court for further proceedings.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470