[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14289
Non-Argument Calendar

_____

D. C. Docket No. 04-01098-CV-JEO-S

ELI CRAWFORD, IV,

Petitioner-Appellant,

versus

RALPH HOOKS, Warden,
THE ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 25, 2007)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Eli Crawford, an Alabama prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2254 habeas corpus petition. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-32, 110 Stat. 1214 (1996), governs this appeal because Crawford filed his § 2254 petition after the effective date of the AEDPA. On Crawford's motion, we granted the following certificate of appealability (COA): whether Crawford received ineffective assistance of trial counsel as a result of his counsel's failure to object to the fact that Crawford was forced to appear before the jury in prison-issued clothing. On appeal, Crawford raises two arguments: (1) a substantive claim that the state trial court unconstitutionally forced him to appear before the jury in prison-issued clothing; and (2) his trial counsel was ineffective for failing to preserve for direct appeal the issue of his appearance in prison-issued clothing. We affirm the district court's denial of Crawford's § 2254 petition because, as discussed more fully below, we conclude that his arguments are outside the scope of the COA and that he abandoned the sole issue presented in the COA.

## I. Background

Crawford, a state prisoner who is serving four consecutive life sentences for first-degree robbery and first-degree assault, filed a § 2254 petition in the district court, alleging, among other things, that he received ineffective assistance of counsel based upon his trial counsel's failure to object to the fact that he had to

appear before the jury in prison-issued clothing. Specifically, Crawford claimed that he was forced to wear a shirt that was branded with the mark "Jefferson County Jail," as well as prison-issued shower shoes, an identification armband, pants that were too large, and a jacket that was three sizes too small. Crawford admitted that his counsel objected to his appearance off-the-record and prior to trial, by requesting that Crawford be permitted to change his clothing, but the trial court denied the request. In its answer, the state phrased Crawford's prison-issued clothing claim as follows: "ineffective assistance of trial counsel for allowing Crawford to appear in court in jail attire." The state conceded that this claim had been exhausted in state court.

The state also submitted documents from Crawford's state court proceedings, setting forth the following history. On direct appeal, Crawford raised various issues concerning his trial, but he failed to raise the issue of his appearance before the jury in prison-issued clothing. The Alabama appellate court affirmed Crawford's convictions. Crawford next filed a post-conviction petition for relief from his convictions or sentence, pursuant to Alabama Rules of Criminal Procedure 32. In his Rule 32 petition, Crawford claimed, inter alia, that his counsel was ineffective because he was forced to appear before the jury in prison-issued clothing. He alleged that he was prejudiced by having to appear in the

3

prison-issued clothing because it undermined his credibility and his defense that he was a "well respected, self employed business person." The state court summarily dismissed Crawford's Rule 32 petition. Crawford appealed the state court's denial of his Rule 32 petition to the Alabama Court of Criminal Appeals. In his brief before that court, he claimed that the state court erroneously denied his motion for an evidentiary hearing and erred in summarily denying his petition without further fact-finding.

The Alabama Court of Criminal Appeals denied Crawford's appeal. In its decision, the court first identified the claims that Crawford raised in his Rule 32 petition, splitting Crawford's claims into two groups: (1) substantive claims, in which the court included Crawford's claim "that he was forced to stand trial in prison clothing;" and (2) ineffective-assistance-of-trial-counsel claims, in which the court did <u>not</u> include any claim regarding Crawford's clothing at trial. As to the "substantive" claims, the court noted that all of them, with the exception of two claims that are not relevant to the instant appeal, were precluded because Crawford failed to raise them on direct appeal. As to Crawford's ineffective-assistance-of-counsel claims, the court found that "assuming, without deciding, that Crawford's allegations constituted deficient conduct on the part of trial . . . counsel, Crawford did not in any instance allege with any specificity how he was prejudiced by this

4

allegedly deficient conduct." In so finding, the court cited Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The magistrate judge recommended denying Crawford's § 2254 petition. The district court adopted the magistrate's report and recommendation over Crawford's objections and denied Crawford's § 2254 petition. We thereafter granted Crawford a COA on the following issue only: whether Crawford received ineffective assistance of trial counsel as a result of his counsel's failure to object to the fact that he was forced to appear before the jury in prison-issued clothing.

## II. Discussion

We review a district court's grant or denial of a § 2254 petition de novo, while the court's factual findings are reviewed for clear error. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). Mixed questions of law and fact, including ineffective-assistance-of-counsel claims, are reviewed de novo. Id.

**(A)   Scope of the COA**

Crawford's appeal is governed by the COA requirements of the AEDPA. Under the AEDPA, appellate review is limited to the issues specified in the COA. 28 U.S.C. § 2253(c)(3); Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). In his pro se brief, Crawford raises two distinct issues on appeal: (1) a substantive claim that the trial court erroneously forced him to appear before the

5

jury in prison-issued clothing; and (2) his trial counsel was ineffective for failing to object at trial to his appearance in prison clothing in order to preserve the issue for direct appeal. As to the substantive claim, that claim centers on a decision of the trial court, as opposed to the actions of counsel. Therefore, we will not address that claim, as it is outside the scope of the COA. See Murray, 145 F.3d at 1250-51.

With regard to the failure-to-preserve claim, we similarly must determine whether that claim is within the scope of the COA. We have drawn a distinction between the following claims: (1) a claim that, while efficacious in raising an issue, i.e., objecting to the alleged error, counsel nonetheless was ineffective for failing to preserve the issue for appeal; and (2) a claim that trial counsel was ineffective for failing to object to an alleged error at trial. See Davis, 341 F.3d at 1316. In the former case, with respect to Strickland's prejudice prong, we ask "whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Id. In contrast, in the latter case, with respect to Strickland's prejudice prong, we ask whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Purvis v. Crosby, 451 F.3d 734, 741 (11th Cir.), cert. denied, ___ U.S. ___, 127 S.Ct. 587, 166 L.Ed.2d 436 (2006). Recently, we reaffirmed the distinction between the above-listed claims and, in doing so, explicitly stated that

6

Davis "was a case involving 'peculiar circumstances' where the only effect of trial counsel's error was on appeal." Id. at 739.

Here, in his briefs to this Court, Crawford admits that counsel objected to his clothing in the state trial court, and instead asserts that counsel was ineffective for failing to preserve the issue for appeal, explicitly relying on Davis and its failure-to-preserve language. However, the COA only asks whether Crawford's counsel was ineffective for failing to object to Crawford's appearance. It does not ask whether Crawford's counsel was ineffective for failing to preserve the prison clothing issue for appeal. In light of Davis and Purvis, which establish that Crawford's failure-to-preserve claim differs from the failure-to-object claim, the COA does not include the failure-to-preserve claim. Thus, we conclude that Crawford's failure-to-preserve claim falls outside the scope of the COA.

**(B)    Abandonment**

Upon concluding that we will not address either of Crawford's two main arguments on appeal, the lingering question is what argument, if any, Crawford submits with regard to the issue as presented in the COA. After a liberal reading of Crawford's pro se brief, it is not clear that Crawford makes any argument with regard to the COA issue. In fact, Crawford never asserts that his counsel was ineffective for failing to object to his appearance, thereby subjecting him to

7

prejudicial judgment in the eyes of the jury. Rather, Crawford concedes that counsel made a "general objection" and requested that he be allowed to change his clothing, which the trial court denied. As such, Crawford has abandoned the only issue properly before us. See Atkins v. Singletary, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (concluding that an appellant abandons an issue not raised on appeal).

## III. Conclusion

In sum, the scope of the COA does not include Crawford's sole arguments on appeal. Furthermore, Crawford has raised no argument as to the COA issue and, therefore, he has abandoned the only issue properly before us. Thus, the district court's denial of Crawford's § 2254 petition is

**AFFIRMED.**