[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 25, 2007
THOMAS K. KAHN
CLERK

No. 06-16102
Non-Argument Calendar

_____

D. C. Docket No. 06-00016-CR-1-MP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DUANE AKRIDGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 25, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Michael Akridge appeals his conviction for conspiracy to manufacture,

distribute, and possess marijuana.  See 21 U.S.C. § 846.  Akridge argues that the government did not establish that he was involved in a conspiracy to distribute marijuana because the government did not prove beyond a reasonable doubt that his alleged co-conspirators knew the essential nature of their conspiracy.  We affirm.

At trial, the government presented evidence of a large marijuana growing operation on the property where Akridge lived with his wife and two children.  Witnesses described a shed located approximately 50 to 60 feet behind the Akridge residence that contained special track-lighting, hydroponic trays, a carbon dioxide generator, a digital scale, and 56 marijuana plants in various stages of growth.  Inside the residence, police found marijuana stalks, a scale, bags of processed marijuana, an assault rifle, and how-to books for growing marijuana.  Akridge testified that he grew the marijuana for personal use, occasionally sold a small amount, and kept the entire operation hidden from his wife, who also lived in the residence.

We review de novo the sufficiency of the evidence, and view the evidence in the light most favorable to the government to determine whether a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt.  United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006), cert. denied,

2

127 S. Ct. 2155 (Apr. 30, 2007).

To support a conviction for conspiracy, the government must establish "(1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998). The government need not prove that the conspirators knew all of the details or participated in every aspect of the conspiracy. United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002). The government must prove beyond a reasonable doubt that the conspirators "knew the essential nature of the conspiracy." Id. (internal quotation and citation omitted). "A person who owns or exercises dominion and control over a . . . residence in which contraband is concealed may be deemed to be in constructive possession of the contraband." United States v. Vera, 701 F.2d 1349, 1357 (11th Cir. 1983). "A conspiracy conviction will be upheld . . . when the circumstances surrounding a person's presence at the scene of conspiratorial activity are so obvious that knowledge of its character can fairly be attributed to him." United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006) (internal quotation and citation omitted).

The government offered sufficient evidence to prove that Akridge's wife knew the essential nature of the conspiracy to possess marijuana with the intent to

distribute it. The government presented circumstantial evidence that Akridge's wife was aware of the vast marijuana growing operation being conducted on their property. Based on the number of marijuana plants and the presence of a scale in their residence, a jury could have reasonably inferred that Akridge's wife was aware of and consented to the distribution of the marijuana.

In addition to the circumstantial evidence that Akridge's wife conspired with Akridge to possess and distribute the marijuana, Akridge elected to testify in his defense and incurred "a substantial risk of bolstering the [g]overnment's case." United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995). "[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt." Id. "[W]hen a defendant chooses to testify, he runs the risk that if disbelieved 'the jury might conclude the opposite of his testimony is true.'" Id. (citing Atkins v. Singletary, 965 F.2d 952, 961 n.7 (11th Cir. 1992). Akridge testified that his wife did not help him grow or distribute the marijuana, but the jury was free to discredit his testimony and believe the opposite. "Drug dealers have been known to lie." Molina, 443 F.3d at 829. Because we view the evidence in the light most favorable to the government, we assume the jury disbelieved Akridge's testimony.

Akridge's conviction is **AFFIRMED.**