[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16916
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00155-CV-BE-S

JERRY W. WIGGINS,

Petitioner-Appellant,

versus

C. PRICE, Warden,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 21, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jerry W. Wiggins, an Alabama prisoner proceeding pro se, appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254. After review, we affirm.

## I. BACKGROUND

After being convicted and sentenced to 50 years' imprisonment for first-degree rape, Wiggins filed a pro se § 2254 petition, alleging that his trial counsel was ineffective for failing (1) to call a newspaper reporter to testify regarding a newspaper article wherein the victim's sister allegedly stated that the victim consented to have sex with Wiggins because she had a "mind of a child," (2) to argue that the victim did not have the "mind of a child" because she graduated from high school, and (3) to impeach the victim's testimony that she had never had sex by showing that she was common-law married.

After the state responded, a magistrate judge issued a report, finding that, because Wiggins never raised these ineffective-assistance claims in state court, Wiggins's ineffective-assistance claims were unexhausted and therefore procedurally barred. Over Wiggins's objection, the district court adopted the magistrate judge's report and denied Wiggins's § 2254 petition. This Court granted Wiggins's motion for a certificate of appealability ("COA") on the following issue:

Whether the district court erred in finding the following ineffective assistance of counsel claims to be procedurally barred from federal habeas review: (a) counsel's failure to call a newspaper reporter, Kaysha Drexle, as a witness; (b) counsel's failure to challenge evidence that the victim "had the mind of a child" based on her graduation from high school; and (c) counsel's failure to use known information that the victim was common-law married to Bill Morgan to impeach her testimony that she had never had sex with anyone.

## II. DISCUSSION

"[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the [COA]." McClain v. Hall, 552 F.3d 1245, 1254 (11th Cir. 2008) (quotation marks omitted) (first alteration in original), petition for cert. filed, (U.S. June 25, 2009) (No. 09-5004). A habeas petitioner abandons the claims he does not address on appeal. See Atkins v. Singletary, 965 F.2d 952, 955 n.1 (11th Cir. 1992). While this Court is lenient when interpreting the arguments of a pro se litigant, it will not act as de facto counsel. See GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

Neither of Wiggins's briefs addresses the single issue set forth in the COA regarding the district court's decision that his ineffective-assistance claims were procedurally barred from federal habeas review. Instead, Wiggins's initial brief argues only the substantive issue of his trial counsel's ineffectiveness. Moreover, Wiggins's reply brief argued that he was actually innocent of the rape offense and failed to address the procedural bar question, even after the government pointed

3

out that Wiggins had waived the procedural bar issue by failing to address it in his initial brief. There simply is nothing in Wiggins's briefs for this Court to construe liberally as an argument related to the procedural bar issue in the COA.

Thus, we affirm the district court's denial of Wiggins's § 2254 petition.

**AFFIRMED.**