[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16342
Non-Argument Calendar

_____

D. C. Docket No. 07-00148-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO AYALA, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 9, 2009)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Sergio Ayala appeals his conviction for conspiracy to distribute cocaine and possession of cocaine with intent to distribute under 21 U.S.C. §§ 841 & 846(b)(1)(A)(ii) and 18 U.S.C. §2. No reversible error has been shown; we affirm.

On appeal, the defendant argues that, as a matter of law, the government failed to meet its burden of proof and that his counsel was constitutionally ineffective. The defendant filed a Rule 29 motion in the District Court, seeking acquittal based on lack of evidence. He also filed a motion for a new trial based on ineffective assistance of counsel. The District Court denied both motions.

We review a Rule 29 motion de novo, viewing all evidence in the light most favorable to the government. United States v. Hunt, 526 F.3d 739, 744 (11th Cir. 2008). We review the denial of a motion for a new trial for abuse of discretion. United States v. Hernandez, 433 F.3d 1328, 1332 (11th Cir. 2005).

The Defendant alleges that the facts presented at trial contained nothing from which a rational juror could conclude that the Defendant knew he was involved in a drug deal. The Defendant met with the drug dealers, secured a safe house[1] for the transfer of drugs, aided in the transfer of drugs, and went to Wal-Mart to purchase suitcases to put the drugs in. Although the Defendant points out

---

[1]Defendant alleges that he was merely showing the admitted drug dealers a house that they might purchase.

2

that the packages were opaque, we see no reason why a reasonable jury could not impute knowledge of the contents to the Defendant. The circumstantial evidence was enough. Although the Defendant cites several cases where this Court overturned convictions based on mere presence, none of the cases are factually similar enough to bind us; and we decline to extend those precedents.

The Defendant's second claim involves his counsel's mistaken belief that she could not introduce a character witness if the Defendant did not testify. Ineffective assistance of counsel claims are controlled by Strickland v. Washington, which created a two part test: (1) counsel's conduct that falls below an objective standard of reasonableness, and (2) prejudice. 104 S. Ct. 2052, 2064-65 (1984). Because relief requires the Defendant to show both elements, a deficiency in either will defeat his claim. Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992).

We turn to the prejudice portion of the analysis, because it is dispositive. If Ayala's counsel had known the rule, the only difference at trial would have been a single character witness. The character witness could not bolster Ayala's testimony, because Ayala did not testify. The character witness could not provide any testimony refuting any of the evidence implicating Ayala. For these reasons, we believe that Ayala failed to carry his burden on appeal. It was within the trial

3

court's discretion to rule that Ayala did not prove that, but for his counsel's error, he would have been acquitted.

AFFIRMED.