[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16360

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-00011-CR-2-RLV-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERMAN EDWARD WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 11, 2011)

Before EDMONDSON and MARTIN, Circuit Judges, and HODGES,* District
Judge.

---

* Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

A jury convicted Sherman Williams ("Defendant") of armed bank robbery and brandishing a firearm during a violent crime. Defendant appeals, asserting that the jury lacked sufficient evidence to convict him and that the district court erred in sentencing him. We affirm Defendant's conviction. But because the sentence was not adequately explained, we vacate Defendant's sentence and remand for resentencing.

## I. BACKGROUND

Defendant owned a business that provided cleaning services to a bank. Evidence adduced at trial established that Defendant and his co-defendant, Arthaniel Smith, gained late-night access to the bank using a key that Defendant obtained for purposes of cleaning the bank. Defendant and Smith waited overnight in the bank and then forced a teller to open the vault in the morning. Defendant and Smith took $219,180 from the vault and left the bank. Police apprehended Defendant and Smith shortly thereafter. Both Defendant and Smith spoke with police and admitted committing the robbery.

2

Defendant was indicted on two counts: armed bank robbery and brandishing a firearm during a crime of violence. At trial, Defendant testified that Smith forced him to commit the robbery against his will by threatening to kill Defendant if he did not participate. The jury convicted Defendant on both counts.

Defendant raised several objections to the proposed sentence enhancements, including an objection to the enhancement for abduction of the bank teller. The district court overruled Defendant's objections and sentenced Defendant to 219 months' incarceration.

Defendant now appeals, arguing that insufficient evidence supports his conviction and that the district court erred in applying the sentencing guidelines.

## II.  DISCUSSION

A.  Sufficiency of the Evidence

Defendant first argues that insufficient evidence supports his conviction. The jury convicted Defendant of violating 18 U.S.C. §§ 2, 2113(a) and (d), and 924(c)(1)(A). Defendant argues that "evidence presented at trial clearly established that [defendant] was acting under the duress of [his co-defendant]."

Defendant also argues that "[defendant] did not possess a gun during the commission of this robbery and did not brandish a firearm against the victim, he acted to protect her."

Defendant did not move for a judgment of acquittal at the close of the government's case or at the close of all of the evidence. We affirm unless it would result in a manifest miscarriage of justice. See United States v. Bichsel, 156 F.3d 1148, 1150 (11th Cir. 1998).

Evidence adduced at trial established that Defendant pointed a gun at the bank teller and instructed her to open the vault; walked the teller to the security panel to disarm the vault alarm; and drove the getaway car. Police found loaded guns, a glove covered in dye from the bank's dye pack, and an identification card for Defendant in the getaway car. Defendant stated in his police interview that he carried a gun during the robbery, exercised free will in choosing to participate in the crime with his co-defendant, knew the bank's schedule because he used to clean it, and participated in planning the robbery with his co-defendant.

Defendant testified at trial that he did not carry a gun and was coerced into participation by his co-defendant. But "when a defendant chooses to testify, he runs the risk that if disbelieved 'the jury might conclude the opposite of his testimony is true.'" United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995)

4

(quoting <u>Atkins v. Singletary</u>, 965 F.2d 952, 961 n.7 (11th Cir. 1992)).  The jury

had sufficient evidence from which to conclude that Defendant committed the

charged offenses; no manifest injustice has been shown.


B.   <u>Defendant's Sentence</u>


About the calculation of the Sentencing Guidelines range, Defendant argues

that the district court erred by applying the four-point "abduction" enhancement to

his sentence instead of the two-point "physically restraining" enhancement.[1]

At Defendant's sentencing, the government and Defendant's counsel

disagreed about whether the two-point "physical restraint" enhancement or the

four-point "abduction" enhancement applied to Defendant's conduct.  The district

court judge first said that sufficient evidence existed to show that the bank teller

was physically restrained, but the judge then said that this restraint warranted a

four-point increase, which is inconsistent with (too much for) the enhancement for

just physical restraint.  When asked for clarification, the sentencing judge first

stated that he intended to apply the abduction enhancement, but after that said

---

[1] Defendant also says the district court erred in applying the sentence enhancement for obstruction of justice and that the district court erred in failing to apply a minor role sentence reduction; we conclude these arguments are without merit.

these words: "[The teller] was just held. I better leave it at that." Still, Defendant's sentence included the four-point enhancement: the point value corresponding to the abduction enhancement.

When considering claims of errors in sentencing, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . or <u>failing to adequately explain the chosen sentence</u>." <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007) (emphasis added). Under these circumstances, our ability to engage in appellate review is limited: the record includes no adequate explanation for the application of the four-point abduction sentencing enhancement. We vacate and remand so the district court can resentence Defendant without procedural error.

## III. CONCLUSION

Defendant has shown no error in his conviction. But we vacate his sentence and remand for resentencing.

AFFIRMED in part, VACATED in part; REMANDED.