[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11961

Non-Argument Calendar

_____

MARIO ALBO LARA,

Petitioner-Appellant,

*versus*

SECRETARY FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL STATE OF FLORIDA,
STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:16-cv-22121-KMW

————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Lara appeals the district court's dismissal of his section 2254 habeas petition. Because his brief fails to address the sole issue we certified for appeal, we affirm.

Lara is serving a life sentence for convictions in Florida state court for first degree murder, second degree murder, and sexual battery. Although Lara's convictions became final in 1998, he filed a 2011 motion in the state circuit court to correct his sentence. The state circuit court granted partial relief, and the District Court of Appeal affirmed in March 2013. See Lara v. State (Lara I), 109 So. 3d 1167 (Fla. Dist. Ct. App. 2013). In September 2012, Lara delivered a second motion for state postconviction relief to prison officials to file in state court, although it apparently was not docketed until April 2015. The state circuit court denied this second motion for postconviction relief, and the District Court of Appeal affirmed in November 2015. See Lara v. State (Lara II), 179 So. 3d 333 (Fla. Dist. Ct. App. 2015).

In June 2016, Lara filed a section 2254 habeas petition in the district court. The magistrate judge recommended dismissing Lara's habeas petition as untimely because, even though Lara I was a new sentence and reset the statutory deadline, Lara had not filed his petition within a year of when the new sentence became final.

21-11961                Opinion of the Court                3

The magistrate judge also recommended finding that *Lara II* did not toll Lara's time to file a habeas petition. Even though the Florida Department of Corrections had stamped the motion in *Lara II* as received in September 2012, the magistrate judge explained, that motion did not toll the statutory deadline that *Lara I* triggered because it was not docketed until 2015.

The district court adopted the magistrate judge's report and recommendation and dismissed Lara's habeas petition as untimely. We issued a certificate of appealability on a single question: whether the district court misapplied the prisoner mailbox rule to Lara's second motion for state postconviction relief and thus erroneously concluded that *Lara II* did not toll Lara's eligibility to bring a habeas petition.

Lara initially failed to file an appellate brief, so we dismissed his appeal for lack of prosecution. The dismissal, though, didn't last long. Lara moved to reinstate his appeal, and we granted his motion and set a briefing schedule.

But when Lara filed his opening brief on appeal, it did not address the certified question. Instead, Lara argued, again, that we should reinstate his appeal—something we'd already done. And even though the Secretary of the Florida Department of Corrections pointed out Lara's failure to address the district court's interpretation of the prisoner mailbox rule, Lara did not file a reply brief or move to file a corrected brief.

To preserve an issue on appeal, Lara had to "'plainly and prominently' raise it by 'devoting a discrete section of his argument' to the claim" in his opening brief. *United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021); *see also Atkins v. Singletary*, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (explaining that habeas claims not addressed on appeal are forfeited). Here, Lara's brief does not even mention the district court's order, so he has forfeited any challenge to it. The argument section of Lara's brief is devoted entirely to explaining why his appeal should be reinstated. But we already reinstated his appeal; the sole issue Lara was directed to address was whether the district court misapplied the prisoner mailbox rule and therefore erred by finding his habeas petition untimely. Lara didn't even file a reply brief after the Secretary pointed out that he hadn't addressed the timeliness issue. By failing to address that issue, Lara has now abandoned it. *See Atkins*, 965 F.2d at 955 n.1. We must affirm.[1]

---

[1] Although, "[t]ypically, issues not raised in the initial brief on appeal are deemed abandoned," we do "have the ability to resurrect forfeited issues *sua sponte* in extraordinary circumstances." *United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir.) (quotation omitted), *cert. denied*, 143 S. Ct. 95 (2022). Here, the circumstances of Lara's case are not extraordinary because, even if timely, his habeas claims are jurisdictionally barred, not cognizable, and have not been exhausted in the Florida state courts. *See* 8 U.S.C. § 1228(a)(3)(B) ("Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any

21-11961              Opinion of the Court                    5

**AFFIRMED.**

---

constitutional issues by invoking one complete round of the State's established appellate review process."); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases.").