[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

--------------------------------------------

No. 04-14285
Non-Argument Calendar

--------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 02-02243-CV-H-S

SEAN LEE BEST,

Petitioner-Appellant,

versus

GRANT CULLIVER, Warden, Holman Unit 3700,
ATTORNEY GENERAL OF STATE OF ALABAMA, THE,

Respondents-Appellees.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Alabama

-------------------------------------------------------------------

**(January 27, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Alabama prisoner Sean Lee Best appeals the district court's denial of his pro se federal habeas corpus petition, brought under 28 U.S.C. § 2254. This appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A judge of this Court granted a certificate of appealability (COA) on:

> Whether the district court erred by upholding the state court's decision that the trial court did not err by failing to produce certain documents alleged to have contained material subject to disclosure pursuant to Brady v. Maryland, [83 S.Ct. 1194], without independently reviewing the documents to determine if the state court's resolution of the claim was a reasonable application of federal law.

No reversible error has been shown; we affirm.[1]

On appeal, Best does not address the issue specified in our COA: whether the district court erred in upholding the state court's rejection of his Brady claim without independently reviewing the documents to determine if the state court's resolution of the claim was a reasonable application of federal law. Instead, Best argues solely the underlying merits of his Brady claim.

We are aware that Best is pro se: we are lenient when interpreting the arguments of pro se litigants. See GJR Invs., Inc. v. County of Escambia, 132

---

[1] Best argues that we should expand the scope of the COA to include his claim that the trial court's failure to instruct the jury on lesser included offenses violated his due process rights. This Court declined to grant a COA on this issue when ruling on Best's motion for a COA: and he has offered no basis for us to reconsider that ruling.

F.3d 1359, 1369 (11th Cir. 1998). But this leniency extends only so far. We will not act as <u>de facto</u> counsel for a <u>pro se</u> litigant. <u>See</u> <u>id.</u> Best has abandoned the issue on which we granted a COA. <u>See</u> <u>Atkins v. Singletary</u>, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (appellant abandons issue by failing to address it properly on appeal).

**AFFIRMED.**