[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2006
THOMAS K. KAHN
CLERK

No. 06-11466
Non-Argument Calendar

_____

D. C. Docket No. 05-02428-CV-CAM-1

MAURICE FRANKS,

Petitioner-Appellant,

versus

STATE BOARD OF PARDONS AND PAROLES,
ANDREW HAODAWAY,
CALVIN D. MOOTINE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 13, 2006)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Maurice Franks, a Georgia prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas corpus petition for lack of exhaustion of his state remedies. This appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-32, 110 Stat. 1214 (1996), because Franks filed his petition after the effective date of the AEDPA. A judge of this Court granted a certificate of appealability (COA) on: "Whether the district court erred by concluding that appellant had failed to exhaust his state remedies with respect to the claims raised in his 28 U.S.C. § 2254 habeas corpus petition." For the reasons set forth more fully below, we affirm.

Careful review of Franks's appellate brief reveals that he has not addressed the issue on which the COA was granted. Instead, Franks argues the merits of his underlying claim. Under the AEDPA, appellate review is limited to the issues specified in the COA. 28 U.S.C. § 2253; Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). However, Franks is a pro se litigant and is thus entitled to a lenient interpretation of his arguments on appeal. See GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Nevertheless, we will not act as de facto counsel for a pro se litigant. Id. Even construing Franks's brief liberally, there is no indication that he presents any arguments regarding the

issue on appeal. Therefore, Franks has abandoned the issue on which we granted the COA. See Atkins v. Singletary, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (concluding that an appellant abandons an issue not addressed on appeal). Accordingly, as Franks has shown no reversible error, the district court's dismissal of his § 2254 habeas petition is

**AFFIRMED.**