[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-15765
Non-Argument Calendar

_____

D. C. Docket Nos. 02-02117-CV-T-30-TGW & 00-00097-CR-T-3

ALEJANDRO TAMAYOS-RAMOS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 18, 2007)**

Before ANDERSON, BARKETT  and HULL, Circuit Judges.

PER CURIAM:

Alejandro Tamayos-Ramos, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's dismissal of his 28 U.S.C. § 2255 habeas corpus petition. On appeal, Tamayos-Ramos makes several arguments regarding why his plea was not knowing and voluntary or is not enforceable, including primarily that the government breached the agreement. However, Tamayos-Ramos presents no argument regarding the issue raised by this Court's certificate of appealability ("COA"). Specifically, Tamayos-Ramos never discusses whether the district court erred in denying his § 2255 motion to vacate because the claims raised were barred by the collateral attack waiver contained in his plea agreement.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996) ("AEDPA"), governs this appeal because Tamayos-Ramos filed his petition after the effective date of the AEDPA. Under the AEDPA, appellate review is limited to the issues specified in the COA. 28 U.S.C. § 2253; Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Additionally, Tamayos-Ramos is a pro se litigant and is thus entitled to a lenient interpretation of his arguments on appeal. See GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

Careful review of Tamayos-Ramos's appellate brief reveals that he has not addressed the issue on which the COA was granted, namely, whether the district court erred in denying his § 2255 motion to vacate because the claims raised were

2

barred by the collateral attack waiver contained in his plea agreement.  Instead,

Tamayos-Ramos argues the merits of one of his underlying claims:  that the

government breached the plea agreement.  Even construing Tamayos-Ramos's

brief liberally, there is no indication that he presents any arguments regarding the

issue on appeal.  Therefore, Tamayos-Ramos has abandoned the issue on which we

granted the COA.  See Atkins v. Singletary, 965 F.2d 952, 955 n.1 (11th Cir. 1992)

(concluding that an appellant abandons an issue not addressed on appeal).

Accordingly, we affirm the district court's dismissal of Tamayos-Ramos's § 2255

petition.

**AFFIRMED.**