[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12466
Non-Argument Calendar

_____

D. C. Docket No. 07-00057-CV-FTM-34-SPC

JOE WAYNE JOHNSON,

Plaintiff-Appellant,

KAREN JOHNSON,

Plaintiff,

versus

FLORIDA DEPARTMENT OF LAW ENFORCEMENT,
STEVE EMERSON,
Case Supervisor,
AUDREY L. JONES,
Special Agent,
BRIAN PUGH,
A.S.W.P.,
DAN DURYA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(February 4, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant is a Florida prison inmate. Proceeding pro se, he filed a complaint in the district court against several officers of the Tallahassee, Florida police department, seeking damages under 42 U.S.C. § 1983 on the ground that the manner in which they obtained evidence from his residence infringed his constitutional rights. The district court dismissed his complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that the complaint was barred by the holding of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). He now appeals.

We review de novo a district court's § 1915(e)(2)(B)(ii) dismissal using the same standards that govern dismissals under Fed. R. Civ. P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 920,

166 L.Ed.2d 798 (2007).

Heck instructs that a state prisoner may not bring a claim for damages under § 1983 if a "judgment in [the prisoner's] favor . . . would necessarily imply the invalidity of his conviction." Heck, 512 U.S. at 487, 114 S.Ct. at 2372. The most obvious example of an action barred by Heck is one in which the plaintiff actually "seek[s] damages directly attributable to [his] conviction or confinement." Id. at 487 n.6, 114 S.Ct. at 2373. But even where the plaintiff does not seek such damages, his suit may be barred if, for example, he must negate "an element of the offense of which he has been convicted" in order to prevail. Id.

The Heck holding, however, does not necessarily bar a claim, such as the one presented here, that the evidence the police obtained evidence was the result of an illegal search and seizure. See id. at 487 n.7, 114 S.Ct. at 2373 (explaining that, because of the doctrines of independent source, inevitable discovery, and harmless error, not all unreasonable searches result in invalid conviction). To prevail, however, the plaintiff must prove that the search caused him "actual, compensable injury . . . [other than] the 'injury' of being convicted and imprisoned." Id. (internal citation omitted). In determining whether the claim necessarily invalidates the underlying conviction, the district court must "look both to the claims raised under § 1983 and to the specific offenses for which the § 1983

3

claimant was convicted." <u>Hughes v. Lott</u>, 350 F.3d 1157, 1161 n.2 (11th Cir. 2003). Where the circumstances surrounding the conviction are unknown from the record, it is impossible for the district court to determine whether the § 1983 claim necessarily implies the invalidity of the conviction. <u>Id.</u> at 1161.

That is the situation here. The record does not tell us whether appellant's constitutional claim necessarily implies the invalidity of his conviction. At this juncture, therefore, we cannot say that <u>Heck</u> bars appellant's claim. The court's judgment is therefore **vacated** and the case is **remanded** for further proceedings.

**SO ORDERED.**