[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12499

_____

D. C. Docket No. 06-00329-CR-CLS-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP CURTIS GRACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 4, 2008)**

Before EDMONDSON, Chief Judge, WILSON, Circuit Judge, and MARTINEZ,[*]
District Judge.

PER CURIAM:

_____

[*] Honorable Jose E. Martinez, United States District Judge for the Southern District of
Florida, sitting by designation.

Phillip Curtis Grace was charged in a three-count indictment with two counts of intentional obstruction of a criminal investigation by an officer of a financial institution in violation of 18 U.S.C. § 1510(b)(1) and one count of making false statements to an agent of the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001. These charges resulted after Grace disclosed to a bank customer, Winston Hayes, that the customer's financial records and the financial records of his company had been subpoenaed. After a jury trial, Grace was acquitted of the charge of making false statements in Count Three. He was convicted of a violation of 18 U.S.C. § 1510(b)(2), a lesser included offense of the violation of section 1510(b)(1) charged in Count One and convicted of a violation of section 1510(b)(1) as charged in Count Two. Grace appeals these convictions. For the reasons set forth below, we affirm.

Grace argues that his convictions should be overturned and that this case should be remanded for a new trial because (1) the evidence was insufficient to support his convictions; (2) the district court erred in allowing the Government to withhold exculpatory evidence from him; (3) the district court erred in allowing transcripts of tape recorded conversations to be retained as exhibits by the jury during deliberations; (4) his trial counsel was ineffective because he failed to object to the sufficiency of the indictment; and (5) the district court erred in failing

2

to define the term "obstruct" in the jury instructions. After careful consideration, we find that none of these issues warrant a reversal of Grace's convictions.

We will briefly address all five issues; however, because at oral argument Grace focused only on the first and fourth issues, these will be the issues we primarily address. First, Grace argues that the evidence at trial was insufficient to support his convictions because the evidence presented to the district court failed to prove that Grace intentionally obstructed the grand jury's subpoenas and because it failed to prove that the subpoenas related to any of the required predicate offenses.[1] We disagree, finding there is sufficient evidence in the record to prove both elements.

The Court reviews "*de novo* a defendant's claim that the evidence was insufficient to convict him, viewing the evidence and all reasonable inferences and credibility choices in the light most favorable to the government." *United States v. Anderson*, 289 F.3d 1321, 1325 (11th Cir. 2002). There is sufficient evidence in the record that Grace acted intentionally including the evidence that he was a bank officer, evidence that Hayes was one of the bank's best customers, evidence that after providing Hayes with a copy of the first subpoena he told him he would do anything to help him, and evidence of the furtive manner in which Grace disclosed

---

[1]The predicate offenses are listed in 18 U.S.C. § 1510(b)(3), which defines "subpoena for records," the term used in section 1510(b)(1).

and discussed the subpoenas with Hayes. In addition to this evidence, Grace chose to testify in this case, and, as we have previously stated, "a statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of a defendant's guilt." *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). In other words, "when a defendant chooses to testify, he runs the risk that if disbelieved 'the jury might conclude the opposite of his testimony is true.'" *Id*. (quoting *Atkins v. Singletary*, 965 F.2d 952, 961 n.7 (11th Cir. 1992)).[2]

There is also sufficient evidence in the record that the criminal investigation at issue related to one of the predicate offenses. Two of the listed predicate offenses are violations of 18 U.S.C. §§ 1956 and 1957, which are statutes prohibiting money laundering. The testimony of James Kiel, special agent with the Alabama Attorney General's Office, offers sufficient evidence to establish that the criminal investigation related to money laundering. Thus, we will affirm on this issue.

Next, Grace argues that the district court erred in allowing the Government to withhold exculpatory evidence from him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). "An alleged *Brady* violation presents a mixed question of law and

---

[2]Moreover, with regard to Count One, the issue of intent is moot as Grace was convicted of the lesser included offense in 18 U.S.C. § 1510(b)(2), which does not require a finding of intent.

fact, which this court reviews *de novo*." *Wright v. Hopper*, 169 F.3d 695, 701

(11th Cir. 1999). Grace argues that the Government possessed exculpatory

evidence because certain grand jury materials would list the specific statutory

offenses at issue in the criminal investigation and such offenses are not those

enumerated in section 1510(b)(3).

In order to demonstrate a *Brady* violation, Grace must prove the following:

(1) that the Government possessed evidence favorable to the
defendant (including impeachment evidence); (2) that the defendant
does not possess the evidence nor could he obtain it himself with any
reasonable diligence; (3) that the prosecution suppressed the favorable
evidence; and (4) that had the evidence been disclosed to the defense,
a reasonable probability exists that the outcome of the proceedings
would have been different.

*United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir. 1989) (per curiam)

(citations omitted). Grace has failed to meet this burden as he has not established

that even if the grand jury material had been disclosed a reasonable probability

existed that he would not have been convicted. Here, even if the grand jury

materials did not list a violation of one of the enumerated statutes, there is

sufficient evidence in the record that the criminal investigation related to money

laundering, which demonstrates a violation of the charged offense.[3] In addition,

Grace also failed to meet his burden to demonstrate a "particularized need" for

_____

[3]In this case, the Government conceded before trial that the grand jury materials would
demonstrate that the listed offense under investigation was a violation of 18 U.S.C. § 666.

5

these materials as required when a party seeks the disclosure of grand jury materials. *See United States v. Cole*, 755 F.2d 748, 758-59 (11th Cir. 1985). Therefore, we will also affirm on this issue.

Grace also argues that the district court erred in allowing the jury to retain transcripts of tape recorded conversations during their deliberation. Grace argues that the jury should not have been permitted to access the transcripts during their deliberation because such transcripts were excerpts that only highlighted particular portions of the conversations.[4] "Absent a showing that the transcripts were inaccurate or that specific prejudice occurred, there is no error in allowing transcripts to go to the jury room." *United States v. Williford*, 764 F.2d 1493, 1503 (11th Cir. 1985). Grace has not made this showing.

In his fourth claim, Grace argues that his trial counsel was ineffective because he failed to object to the sufficiency of the indictment. The Court generally does not consider ineffective assistance of counsel claims on direct appeal "where [as in this case,] the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir.

---

[4]Grace did not object on this ground at the time the transcripts were admitted into evidence. After the jury had been charged and had begun their deliberations, Grace objected to the transcripts going back to the jury. The district court overruled this objection noting that it had instructed the jury multiple times that the transcripts were secondary evidence admitted for limited purposes and that the transcripts were admitted evidence in the trial and it was appropriate for the jury to have access to them during their deliberations.

2002). "If the record is sufficiently developed, however, this court will consider an ineffective assistance of counsel claim on direct appeal." *Id*. Grace argues that the indictment was insufficient with regard to Counts One and Two because it did not describe how Grace notified Hayes of the two subpoenas, nor did it disclose the specific enumerated statute to which the underlying criminal investigation related. Here, we find that the record is sufficiently developed as to these issues and thus, we will address this claim on direct appeal.

"Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to *de novo* review." *Nixon v. Newsome*, 888 F.2d 112, 115 (11th Cir. 1989). To demonstrate ineffective assistance of counsel, a defendant must show "*both* that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1318 (11th Cir. 2005). In deciding this issue, the Court must determine whether the indictment was sufficient. An indictment is sufficient where it:

> (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.

*United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1998). After considering these requirements, it is clear that the indictment did not have to state exactly how

7

Grace notified Hayes of the subpoenas in order for it to be sufficient. In addition, with regard to Grace's argument that the indictment did not indicate the specific offense to which the underlying criminal investigation related, "[p]redicate felonies do not need to be listed in the indictment so long as the defendant has actual notice of the charge." *United States v. Odom*, 252 F.3d 1289, 1298 (11th Cir. 2001). The record establishes that Grace's counsel had actual notice of the underlying offense, money laundering, well before trial began in this case.[5] Thus, this argument does not warrant reversal.

Finally, Grace argues that the district court erred in failing to define the term "obstruct" in the jury instructions. Where, as in this case, a party challenges a jury instruction for the first time on appeal, the Court reviews the instruction for plain error. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). An instruction is plainly erroneous where "'the instruction will mislead the jury or leave the jury to speculate as to an essential point of law . . . .'" *Id*. at 1271 (quoting *Montgomery v. Noga*, 168 F.3d 1282, 1294 (11th Cir. 1999)). Here, after

---

[5]The indictment was filed on August 1, 2006. The Government filed a trial brief on September 29, 2006 which indicated that money laundering was the predicate offense to which the investigation related. On October 10, 2006, the Government filed a response to Grace's motion to dismiss which unequivocally stated that "[t]he evidence will prove that the investigation from which the Grand Jury subpoenas disclosed by the defendant arose involved, from its inception, several potential violations of federal law, including money laundering in violation of 18 U.S.C. §§ 1956 and 1957." The jury trial then began several months later on January 30, 2007.

8

review of the instructions and especially the offense instructions, which follow the statutory language of the charged offenses, we cannot say that the absence of this definition would "'mislead the jury or leave the jury to speculate as to an essential point of law. . . .'" *Id*.

Accordingly, we affirm Grace's convictions.

**AFFIRMED**.