[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14513
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2011
JOHN LEY
CLERK

D. C. Docket No. 4:08-cv-00120-CDL

ZACHARY BOUVIER TAYLOR,

Petitioner-Appellant,

versus

CYNTHIA NELSON,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 15, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Zachary Bouvier Taylor, a Georgia prisoner proceeding pro se, appeals the dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as second or successive and for failure to pay the requisite filing fee or request leave to proceed in forma pauperis ("IFP"). We granted Taylor a certificate of appealability ("COA") on the following issues only:

> (1) Whether the district court erred in concluding that appellant's 28 U.S.C. § 2254 petition, filed in March 2010, was second or successive within the meaning of 28 U.S.C. § 2244(b)(2).
>
> (2) Whether the district court erred in dismissing with prejudice appellant's 28 U.S.C. § 2254 petition for failure to pay the filing fee or submit a certified copy of his prison trust account statement, absent findings that appellant's conduct was willful or that lesser sanctions would be inadequate to correct such conduct.

On appeal, Taylor proceeds pro se and argues that the district court erred by denying his request that state officials be enjoined from medicating him, stating that various medical officials at Valdosta State Prison have been medicating him in violation of his religious beliefs. He requested that we grant him habeas relief with respect to his conviction and order his immediate release from prison.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), appellate review is limited to the issues specified in the COA. 28 U.S.C. § 2253; Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Although we read pro se briefs liberally, "issues not

2

briefed on appeal by a pro se litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

Careful review of Taylor's appellate brief reveals that he has not addressed the issues on which the COA was granted, namely whether the district court erred in dismissing his petition as second or successive and, alternatively, for failing to pay the court filing fee. His only reference to the issues raised in the COA appears to be his statement that his petition was dismissed pursuant to § 2244(b)(1) and (b)(3). Instead, Taylor argues that the district court should have granted his request for injunctive relief, and requests that this Court grant him habeas relief, based on the merits of his claims. Therefore, Taylor has abandoned the issue on which we granted the COA. See Atkins v. Singletary, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (concluding that a counseled § 2254 appellant abandons issues not addressed on appeal); see also Timson, 518 F.3d at 874. Moreover, because we do not address issues not indicated in the COA, we do not consider claims related to the denial of injunctive relief or the merits of his petition. Murray, 145 F.3d at 1250-51. Accordingly, we affirm the district court's dismissal of Taylor's § 2254 petition.

**AFFIRMED.**